### ANDREW B. COLE *vs.* LINA UHL.

The petitioner contracted to build a house for the respondent, to be completed on the 15th of November, 1876. The work was completed by that time, except the putting of a pump into the basement, which was done on the 1st of December, 1876, and making a well-curb and plastering around a mantel, which were done on the 27th of February, 1877. This work was necessary to the completion of the job contracted for and was delayed at the request of the respondent, and no other parties before the court claimed any equities. Held that the work was to be regarded as completed at the date last mentioned, and that a lien filed within sixty days thereafter was good.

Where a certificate of lien states that the work was completed on a certain day, the lienor is not held in his proof to the day stated, but may prove the completion of the work on any day within sixty days preceding the filing of the certificate.

PETITION for the foreclosure of a builders' lien; brought to the Court of Common Pleas of New Haven County, and heard before *Peck, J.* Facts found, a decree in favor of the petitioner passed, and a motion in error by the respondent. The case is fully stated in the opinion.

*J. I. Hayes,* for the plaintiff in error.

*T. J. Fox,* for the defendant in error.

LOOMIS, J. The Court of Common Pleas passed a decree in this case foreclosing a mechanics' lien on land described in the petition, on account of a debt due for materials furnished and labor performed by the petitioner in the erection of a dwelling-house for the respondent on the land, under a written contract between the parties; and the respondent,

by his motion in error, seeks to reverse this decree, for two reasons:—1st, because the certificate of lien was not filed within the time required by law; and 2d, because the court received evidence to show that the petitioner ceased to furnish materials and labor on a different day of the month from that mentioned in the certificate.

In regard to the first point the finding concludes as follows: "The petitioner ceased to furnish materials and render services under said contract on the 27th day of February, 1877, and within sixty days thereafter, to wit, on the 10th day of March, 1877, he filed his certificate of lien." This would transfer the question from the realm of law to that of fact, and thereby preclude further inquiry, if it did not also appear to have been so found as an inference of law from the facts previously found in detail. And the claim of the respondent is that the court erred in applying the law to the facts thus appearing.

By the terms of the written contract the house was to be completed on or before the 15th day of November, 1876, for the price of $1,049. The extra work and materials furnished by the petitioner amounted to the further sum of $93.80. All this work was completed by the time mentioned in the contract, except putting a pump into the basement on the 1st of December, 1876, and putting a well-curb around the well, and plastering around a mantel-piece in the front parlor, on the 27th day of February, 1877. These three items of work are found to have been part and parcel of the work to be performed by the petitioner on the original contract, and necessary to complete the same, and it is further found that the delay by the petitioner in putting in the pump and in putting down the well-curb was caused by the special request of the respondent.

The cases of *Flint* v. *Raymond*, 41 Conn., 510, and *Sanford* v. *Frost*, page 517 of the same volume, were cited by the respondent in support of his claim that the contract was substantially completed on the 15th of November, 1876, and that the lien should have been filed within sixty days thereafter.

The first mentioned case affirms the doctrine that after the

work is substantially done there must be no unreasonable delay in fully completing it, and that work done after such delay cannot be considered in fixing the sixty days allowed for recording the lien. The contract was for painting a house, to be completed April 1st, 1869, so far as that the house could be then rented; and before that time it was all completed except the painting of a small veranda, requiring three hours' labor, worth ninety cents. The only reasons given for a delay of nine months to perform three hours' work were, that on two different days, when the lienors intended to do the work, tenants were found moving in or out of the house, and also that they did not wish to embarrass the owner, whose pecuniary condition was critical, and who in fact made an assignment in insolvency before their lien was recorded. It was held that there was no good reason given for such delay, and that the last item of work could not be considered in computing the sixty days for recording the lien.

The case of *Sanford* v. *Frost* adopts the same principle, and further requires that the fact must appear affirmatively that there was no unnecessary or unreasonable delay. In this case it was found that the contract was substantially completed April 7th, 1873, when the premises were conveyed to the respondent, a bonâ fide purchaser. After a delay of over six months the additional work, amounting to only two dollars and thirty-six cents, was done, and the lien was filed a month later, making a delay of seven months in all, for which no reason whatever appeared.

We think the case at bar is distinguishable from both the cases above mentioned, not only in that the amount of work done after the time for fulfilling the contract was greater, while the delay was comparatively short, but more especially in the fact that the reason for the delay must be regarded as sufficient against the original party to the contract, at whose special instance and request the work was so postponed. It is true that two other respondents were joined in the citation as claiming other liens on the premises, but they did not join in this motion in error; it does not appear what equities they may have against the petitioner, and they may be laid out of the case.

Cole *v.* Uhl.

But in the cases referred to the reasonableness of the delay had to be determined with sole reference to a bonâ fide purchaser in one instance, and in the other with reference to the mortgagees of the owner of the premises, who became an insolvent assigning debtor, while the lienors were waiting on him for fear of precipitating the disaster.

The only remaining question is, whether it was erroneous for the court to receive evidence that the petitioner ceased to furnish materials and labor on the 27th day of February, 1877, when the time alleged in the certificate of lien and in the petition was the first day of the same month.

Ordinarily the precise date of an event is immaterial, both in pleading and in proof, because it is not an independent, substantive matter, but a mere accompaniment of such matter.   There are a few exceptions to this rule, as, for instance, where a .written document is alleged to bear a certain date, which date becomes material. because it is descriptive of the identity of the writing.   This case is not within the reason of any of the exceptions.   And we think it sufficient if the evidence shows the completion of the contract within the period of the statutory limitation for recording the lien, although the day stated in the certificate as to the time of the consummation of the contract may not correspond precisely with the one established by the evidence.   *Fourth Baptist Church* v. *Traut*, 28 Penn., 153.

The statute (Revision of 1875, p. 360, sec. 10,) in prescribing what the certificate must allege, makes no mention at all of the date of the consummation of the contract.   It only requires that the certificate shall be lodged with the town clerk within sixty days after such event.

In this case, as the lien was recorded on the 10th of March, 1877, whether the contract was completed on the 1st of February, as alleged, or the 27th of February, as proved, it would bring the case equally within the statute.

There is no error in the judgment complained of.

In this opinion the other judges concurred.