ISAAC NICHOLS *vs.* JOSIAH CULVER.

It is not necessary that the certificate of a mechanic's lien on a building for labor and materials furnished in its erection, should state the full amount of such labor and materials. If payments have been made it is sufficient if it states the balance due.

And where in a bill of particulars under a complaint for a foreclosure of the lien the whole amount of the labor and materials furnished is stated, the variance is of no importance as affecting either the complaint or the certificate of the lien.

And where too great a sum is claimed in the certificate it will not invalidate the lien, at least between the parties, unless the misstatement was intentional.

Where the bill of particulars embraced sundry items of labor and materials furnished for another building of the defendant, and the defendant had paid money on the general account with no directions as to its particular application, and the plaintiff had applied it to the items not covered by the lien until they were paid, it was held that the plaintiff had the right to make such application and that thus the items not covered by the lien were in effect eliminated from the account.

The plaintiff was employed by the defendant to make repairs upon an old house, but after some work had been done it was decided to pull it down and build a new one on the same site. Held that there could be no lien on the new house for work on the old one.

But that materials furnished and certain window frames got out for the old house, which were afterwards used in the new, could be embraced in a lien on the new.

And that the lien on the new house began with the beginning of the work on the window frames and the furnishing of the materials.

The plaintiff substantially completed the house on the 6th of August and the defendant went into possession during that month. Some time in September the plaintiff furnished and hung blinds, and on the 22d of November, at the request of the defendant he furnished materials and

did final work to the amount of $14. This work was necessary to the comfortable use of the house in winter. No rights of third parties had intervened. Held that the final work was to be regarded as sufficient to preserve the lien.

It would have been otherwise if the last work had been added by the plaintiff for the mere purpose of saving his lien, or if, after the work was apparently finished, third parties had in good faith acquired an interest in the property for a valuable consideration.

[Argued June 5th—decided June 6th, 1883.]

SUIT for the foreclosure of a mechanic's lien; brought to the Superior Court. The facts were found by a committee, and judgment rendered for the plaintiff. (*Sanford, J.*) Appeal by the defendant. The case is fully stated in the opinion.

*H. B. Munson* and *E. F. Cole*, for the appellant.

*S. W. Kellogg* and *H. C. Baldwin*, for the appellee.

LOOMIS, J. This is a complaint to foreclose a mechanic's lien predicated upon materials and labor furnished by the plaintiff in erecting a dwelling house for the defendant on his land. The appeal seeks to set aside the judgment obtained by the plaintiff in the court below upon sundry technical grounds, which we will consider so far as may be necessary to determine whether the judgment ought to be reversed.

One prominent objection is that the certificate of lien states the amount of the claim as $1,684.91, and alleges that amount as the value of the materials and labor, while the bill of particulars filed in the case on motion of the defendant gives items aggregating the sum of $2,756.56. This discrepancy is fully explained by the pleadings and the finding, which show that the certificate claimed a lien only for the balance due, while the bill of particulars contained no credit of the payments made by the defendant. The objection assumes that the law requires that the entire amount of labor and materials must be truly stated, and the payments also, and that if the bill of particulars furnished on the

trial exceeds the amount alleged the variance is fatal. The idea may have been suggested by a few decisions in other states where the statutes regulating the filing of such liens explicitly require the value of labor and materials and the amount of payments to be specified. But there are numerous decisions to the effect that where the statutes are silent as to these matters it is sufficient to state the balance claimed to be due. *Heston* v. *Martin*, 11 Cal., 41; *Brennan* v. *Levasey*, 16 id., 140; *Selden* v. *Meeks*, 17 id., 128; *Laswell* v. *Presbyterian Church*, 46 Misso., 279; *Knight* v. *Norris*, 13 Minn., 473; *Thomas* v. *Heusman*, 10 Ohio St., 157. The statutes of this state (Gen. Statutes, pp. 359, 360, secs. 9, 10,) are silent as to the value of materials and labor, and as to payments, and only require the amount claimed as a lien to be stated, and that only as nearly as can be ascertained. The certificate of course should show on what account the claim is made, so that it will appear that the claim is one for which there may be a lien, and there must be a description of the premises and the date of the commencement of the lien must be given. But where the value of materials and labor, as in this case, is alleged to be the same as the amount of the lien claimed, there can be no question but that the certificate in that respect is sufficient. There is perfect consistency in the two allegations, and the claim for a lien has an ample foundation to sustain it.

But it is said that the amount of materials and labor shown by the bill of particulars, exceeding the allegation in the certificate, vitiated it. Not at all. The essential thing under the statute to be stated was the amount of lien claimed. That was stated, and necessarily it involved a statement of the balance claimed to be due. When the plaintiff was required to file a bill of particulars it was necessary to give all the items of materials and service from which his claim for a lien resulted, no matter what their aggregate amount. The defendant wanted notice as to these items, but as to payments he had presumably equal knowledge with the plaintiff; if not, he might have asked the court for a further order on the plaintiff. He made no

such request, but went to trial on his own plea as to the payments and the plaintiff's reply to the same. The result was that a less sum was found due the plaintiff than he claimed as the balance in his certificate. Under the most technical system of pleading that ever obtained there was no material variance. The doctrine never had any application to such a state of facts. The committee did not, as the defendant claims, go outside the issue when he examined all the items of the bill of particulars; it was necessary in order to determine whether the amount claimed in the certificate was due the plaintiff, or any amount was due for which he had a valid lien. The amount of the judgment, as in other cases, could not exceed the amount claimed as a lien. If the plaintiff should prove more than he had claimed, the defendant surely could not object, for the greater includes the less.

And where the person filing the certificate claims too great a sum, it will not invalidate his lien (certainly as between the parties) unless his misstatement was intentional. *Smith* v. *Norris*, 120 Mass., 63; Kneeland on Mechanics' Liens, § 165; Phillips on Mechanics' Liens, § 336.

But the committee further finds that the bill of particulars contained sundry items for materials and labor upon other buildings than the one covered by the lien, and upon this fact another objection is based. It must be conceded that these items were not proper in a bill of particulars to show the debt represented by the lien. But the vital point of the objection is to show that these items found their way into the amount of the lien, so that they cannot be distinguished and eliminated and the true amount ascertained. If all this is true we do not think the proceedings can be vindicated. *Baker* v. *Fessenden*, 71 Maine, 292.

We think, however, that we are justified by the finding in holding that these objectionable items were eliminated. The defendant, in addition to the general denial, pleaded payment of certain sums and a tender of another sum, but claimed no special application of the sums paid or tendered. The plaintiff's replication admitted that the sum of $1,095

in cash had been paid before the filing of the lien, but specially averred that it was applied to other work and materials furnished by the petitioner to the respondent, which was not included in the amount claimed in the certificate of lien, and the fact of any tender was denied.

Now the law is so that the defendant, having the control of his own funds until payment, might have applied the money on either account as he chose. But where the money has been paid without a special application, the party to whom it is paid then has full control of the fund with the full right to appropriate it. Kneeland on Mechanics' Liens, §§ 114, 115; *McQuaide* v. *Stewart*, 48 Penn. St., 198.

In this case there is no pretence that the defendant made any application of the funds paid. The plaintiff specially avers an application made on his part to the non-lien items until they were fully paid. The committee might have been more explicit in the finding of this issue. After stating the payments (as claimed by the plaintiff) the finding is,—" both of which payments were applied by the petitioner upon account, leaving an indebtedness in his favor against the respondent at the time of filing this lien for the labor performed and materials furnished in the construction of *said house* of $1,669.75, less certain deductions hereinafter specified." Again, after making the deductions referred to, the committee finds "the respondent indebted to him" (the petitioner) "for materials furnished for the house and labor rendered thereon, * * in the sum of $1,277.89." This language does not well admit of any reasonable construction other than that the payments had been so applied by the plaintiff on account as to leave the amounts mentioned for services and labor on the particular house covered by the lien.

It is also objected that the certificate does not state truly either the date of commencing or of ceasing to furnish materials and labor. The commencement stated is the 25th of March, 1875. The finding is that the petitioner, having been engaged by the respondent to repair an old house for him, on the 25th of March, 1875, commenced

to make some window frames for that purpose, but in a few days it..was discovered that the old house was too far gone to warrant the repairs and the project was abandoned, and the petitioner was engaged to build a new house instead on the site of the old; and on the first of April of the same year the petitioner commenced enlarging the cellar to accommodate the new house. But the further finding is, "that the window frames, before mentioned as having been made for the old house, were actually used for the new house, as well as a large quantity of shingles, flooring and sheathing which had been furnished by the petitioner for repairs upon the old house." Now, while it is true that materials and labor which began and ended on the old house, cannot become a lien on the new one, yet to the extent that they were actually used in the new house they became a lien thereon. The window frames therefore made or commenced on the 25th of March and actually used in the new house stand on the same ground as if originally so intended. The petitioner therefore did commence to furnish labor and materials on the precise day alleged.

The other objection, that the date when the plaintiff ceased to furnish materials and labor is not correctly given, is immaterial, as was held by this court in Cole v. Uhl, 46 Conn., 296.

It is however indispensable that the certificate be filed within sixty days after the completion of the work, and herein is the real objection upon which the defendant relies in this part of the case. The certificate was not filed until the 30th of November. If the plaintiff ceased to furnish materials and labor, as claimed by the defendant, on the 6th of August previously, there was no valid lien. The finding of the committee on this point is as follows:—"The house was substantially completed on the 6th day of August of the same year, and the respondent entered into it during the month of August of the same year, and has ever since lived in the same. That on the 25th day of September, 1875, the petitioner furnished and put on some base knobs, for which he charged one dollar, and sometime during the

same month, the exact date of which cannot be ascertained, he furnished and hung the blinds for the house, making an item of $90.65. That on the 22d day of November of the same year the petitioner, at the request of the respondent, furnished materials of the value of $8.18 and performed labor of the value of $5.95 in final work upon the house, such as making a frame for an inside cellar door, putting glass into the cellar windows, putting up clothes hooks, brackets and a shelf."

The finding that the house was substantially completed on the 6th of August would be controlling were it not for the additional facts also found. Before the end of the next month the blinds for the house were furnished and hung, making an item of over ninety dollars. It can hardly be doubted that a work of this importance and amount ought to be included. But it appears that after this there intervened a period of more than sixty days before the filing of the lien. So that there is nothing to save the lien unless the work and materials furnished on the 22d of November can be included. This amounts to only $14.13. If it appeared that this work might have been added by the builder for the mere purpose of saving his lien we should not feel disposed to sanction it; or if, after the work apparently closed by the putting on of the blinds in September, third parties had acquired an interest in good faith for a valuable consideration, the additional work might come within the principle of the decisions in *Flint* v. *Raymond*, 41 Conn., 510, and *Sanford* v. *Frost*, id., 617; although the marked difference in the period of delay would occasion some hesitation.

But in the case at bar the work was done at the request of the defendant, and not at the mere instance of the plaintiff, and as to the main part of the work, namely, putting in glass in the cellar windows and preparing for an inside cellar door, we can see that it was necessary for the comfortable habitation of the house in winter; and furthermore we have a case where the original parties, the builder and the owner of the house, only are concerned. We think

therefore the case is clearly within the principles established by this court in *Cole* v. *Uhl*, 46 Conn., 296.

There was no error in the judgment complained of.

In this opinion the other judges concurred.