## PACIFIC HARDWARE COMPANY, Limited, *v.* G. W. LINCOLN and H. E. COOPER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED OCTOBER 4, 1899.          DECIDED MAY 4, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY, IN PLACE OF JUDD, C.J., ABSENT.

Under our statute a mechanic's or material-man's lien is in force only from the date of filing and continues in force for three months and no longer after the completion of the building, &c., unless it shall have been satisfied or unless proceedings shall have been commenced to enforce it. The principal contractor abandoned his contract before the completion of the building and the owner completed the building by day labor. Held, that a material-man who furnished materials at the request of the contractor before the latter abandoned his contract need not file his lien and bring suit within three months after the abandonment but may do so within three months after the completion of the building.

A subcontractor's lien is not limited to the amount due the principal contractor.

### OPINION OF THE COURT BY FREAR, J.

This is an action for $101 against defendant Lincoln, a contractor, personally and to enforce a materialman's lien for this amount against a dwelling house and cottage owned by defendant Cooper. The jury found against Lincoln for the amount claimed and for the enforcement of the lien for $99.44,—a portion of the materials furnished, valued at $1.56, having been shown not to have gone into the building. The case comes here on exceptions taken by defendant Cooper.

The exception chiefly relied on was taken to the refusal of the trial judge to allow defendant Cooper to show that the contract for the dwelling house was abandoned by the contractor and the building taken over by the defendant on the 26th of May and

that the latter thereafter completed the building himself by day labor. The object stated at the time was to show that the notice of the lien was not filed within ninety days after the completion of the building.

The statute provides (Civ. L. Sec. 1742) that, "The lien shall continue for three months, and no longer, after the completion of the construction   *   *   *   of the building   *   *   * unless the same shall have been satisfied, or proceedings commenced to collect the amount due thereon by enforcing the same" and (Sec. 1744) that, "The lien herein provided shall have force only from the date of filing." The contract was abandoned May 26, the notice of lien filed August 26, and the action commenced August 30. It is evident that the *lien*, to be effective, must have been filed not later than three months after the completion of the building, but it was so filed even if the building must be deemed to have been completed, within the meaning of the statute, as defendant contends, on May 26. Defendant seems to have assumed that the time limited by the statute was ninety days, in which case, of course, the lien would not have been filed in time, if the building was completed on May 26. But since the statute prescribes three months, and not ninety days, as the limit, the lien was filed in time. *Bowler v. McIntyre*, 9 Haw. 306. *In re Martin*, 4 Fed. Rep. 208. But since the lien was filed the last day allowed by the statute, if the building was completed on May 26, it would not continue in force thereafter unless the *action* were brought on the same day. It was not brought until four days later. Let us therefore consider whether the building was completed, within the meaning of the statute, on May 26, although, strictly speaking, this question is not before us.

It is often a nice question to determine when a building is completed within the meaning of a statute of this kind. No hard and fast rule can be laid down. The practice in other jurisdictions has been to decide each case by itself fairly and equitably under its own peculiar circumstances. It is held that after a building is substantially completed the contractor cannot

extend the time or keep alive his lien by performing further work of his own accord and merely for that purpose, but if such further work is performed at the request of the owner, even though it is small in amount and is performed after a considerable interval of time, the building is regarded as completed, for the purposes of the lien, when such additional work is performed. But even then the completion is not deemed to have been postponed by the performance of such additional work as against rights acquired meanwhile by third parties on the supposition that the building had been completed previously and that the time limited by the statute had expired. *Woodruff v. Hovey*, 91 Me. 116, 424; *Nichols v. Culver*, 51 Conn. 177; *Cole v. Uhl*, 46 Conn. 296; *Minn. Tr. Co. v. Great N. Ry. Co.* 76 N. W. (Minn.) 953. If the work is suspended through the fault of the contractor, he might forfeit his right to a lien altogether, but if the contractor abandons the work in consequence of the owner's fault, the building may be regarded as completed then. *Catlin v. Douglass*, 33 Fed. R. 569; *Canal Co. v. Gordon*, 6 Wall. 561; *Knight v. Norris*, 13 Minn. 473. If a change is made in the plans, the date of completion, as to labor performed or materials furnished before the change, may be the date of the completion or cessation of the work under the old plans or the date of the completion under the new plans according to whether there is substantially a new or different plan or work or merely a modification of the old. *Diller v. Barger*, 68 Pa. St. 432. In *Catlin v. Douglass, supra*, the court said: "It is apparent that parties intending to assert liens rather than rely upon the personal credit of the debtor, must be vigilant to ascertain when the work is completed or abandoned, and not be too early or too late in filing their statements. It is also apparent that there may arise perplexing questions as to when a work is completed, or abandoned, and, in determining such questions, the court should not take a technical and narrow view, but should save to parties entitled to liens any rights they may justly have, under a fair and equitable construction of the facts and the law applicable thereto."

In the present case, as we understand, the owner took the work from the contractor on the ground that the latter was not faithfully carrying out the terms of his contract, and then completed the building himself on substantially the original plans by employing the same contractor and paying for the labor by the day. The contention seems to be that this change of itself fixed the date of the completion of the building at that time, as to materials furnished prior thereto. Under the circumstances the materialmen would naturally suppose, in the absence of any notice to the contrary, that the work was being continued under the original contract. Whether they had such notice we do not know and need not consider. The statute provides that the lien shall continue three months from the "completion of the construction of the building," not from the completion or abandonment of the contract. In *McIntyre v. Trautner*, 63 Cal. 429, the statute allowed the original contractor sixty days from the completion of the contract and the subcontractor thirty days from the completion of the building. The completion of the contract is not synonymous with the completion of the building. The subcontractor or materialman under our statute is not merely subrogated to the rights of the original contractor. *Allen & Robinson v. Redward, supra.* An abandonment of the contract by the contractor without just cause might work a forfeiture of his own right to a lien without working a forfeiture of the materialman's right. Although, if the work had been suspended at the time of the abandonment of the contract and had not afterwards been continued or completed, the materialman might have regarded the building as then completed for the purposes of the lien, yet it was not obliged to do so under the circumstances of this case. The owner having gone on and completed the building, the materialman could under the statute wait until it was completed and then have three months in which to file notice of the lien and bring suit. If the entire building had been constructed by day labor, the materialman would not be obliged to file his notice and bring suit for the value of each article within three months after it was fur-

nished. In some cases a contract for the construction of a portion of a building, as, for instance, the foundation, is made with one contractor, and another contractor for the construction of the rest of the building is made with another contractor. We need not decide whether in such a case, a material-man who, upon the order of the first contractor, has furnished materials to be used in the foundation would be obliged to file notice and bring suit within three months after the completion of the foundation, on the ground that that alone was the structure for which he furnished the materials and therefore upon which alone the lien is allowed by the statute (Sec. 1741). In the present case the materials were furnished to be used in the building as a whole and upon the order of one who had a contract for the whole, and the material-man's rights did not expire with the contractor's rights. The material-man could wait until the completion of the building or structure for which the materials were furnished.

Another exception relied on is that taken to the rejection of evidence that the contractor had been paid all that was due him at the time of the abandonment. It was decided in *Allen & Robinson v. Redward, supra,* that the lien of the contractor or material-man is not limited under our statute to the amount payable to the principal contractor. The cases cited *contra* were decided under statutes which expressly prescribed such a limit.

The remaining exceptions relied on are covered by the decision just filed in the case of Allen & Robinson against the same defendants.

The exceptions are overruled.

*Kinney, Ballou & McClanahan* for plaintiff.

*Defendant H. E. Cooper* in person, *Magoon & Silliman* with him.