BACKROS, INC. *v.* DONALD E. DAVIES ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 1-629-2808

Argued August 5—decided October 22, 1963

*Willard R. Carter,* of Norwalk, for the appellants (defendants Davies).

*John F. Lambert,* of Greenwich, for the appellee (plaintiff).

PRUYN, J. The defendants Davies, owners of a lot in Greenwich, entered into a contract with the defendant Parkway Homes, Inc., for the construction of a Plymouth home thereon. Parkway Homes, Inc., thereupon contracted with the defendant Charles Davis for the erection of this house. Davis

subcontracted the frame, the roof and the siding of the house to the plaintiff, agreeing to pay the plaintiff $1537. The plaintiff commenced work on or about October 17, 1961, the date of the contract, and continued to work for two or three weeks. At that point, most of the work required to be done had been completed, but the plaintiff was unable to shingle either an area where a brick chimney was to be built or an area around the front door where there was to be a particular type of doorsill. The building of the chimney and the furnishing of the doorsill were not the responsibility of the plaintiff. There was a large open hole in the wall of the house for the construction of the chimney. At some time subsequent to November, 1961, the plaintiff received the proper sill for the front door and installed the door but did not complete the shingling around it since the shingles, which it was not required to furnish, were not available. On March 2, 1962, within a week after the chimney was completed, an employee of the plaintiff, after nine hours of work, completed the shingling by using about three bundles of shingles furnished by the plaintiff, although it was not the plaintiff's responsibility to furnish the shingles. Within sixty days thereafter, the plaintiff filed a mechanic's lien. At no time after it stopped work in November, 1961, was the plaintiff directed by the defendants Davies to return to complete the job. The amount due the plaintiff on its subcontract not having been paid, the plaintiff brought this action on the bond which had been substituted for the mechanic's lien.

From the judgment in favor of the plaintiff the defendants Davies have appealed, claiming that the plaintiff, after substantially completing the job, had no right to return to complete a trifling amount of work and that its right to a lien had not been extended thereby.

The validity of a mechanic's lien depends, inter alia, on whether the person performing the services or furnishing the materials lodges with the town clerk of the town where the building is located a certificate of lien within sixty days after he has ceased to perform services or furnish materials. General Statutes § 49-34. "The period for filing the lien under our statute . . . 'for material furnished or services rendered in the construction, raising, removal or repairs of any building,' will be computed, ordinarily, from the date of the last item of material furnished or services rendered. The rule is to be applied fairly to both the lienor and the owner. If, after the work is substantially done, the claimant for the material furnished or services rendered shall unreasonably delay the completion of the work, the date of beginning of the sixty-day period will be taken as the date when the work was substantially done. No trivial or inconsequential service or work done after the substantial completion of the building will extend the time for claiming the lien, or revive an expired lien when an unreasonable period has elapsed since the substantial completion. If the article furnished or the service rendered be trivial, but be required by the terms of the contract of building, this fact will be taken into consideration in determining whether the elapsed period be unreasonable or not." *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.,* 99 Conn. 396, 399; see also such cases as *Peck* v. *Brush,* 90 Conn. 651, 656; *Sanford* v. *Frost,* 41 Conn. 617, 618; *Flint* v. *Raymond,* 41 Conn. 510, 513; *Battistelli* v. *Jacobson,* 13 Conn. Sup. 196, 197; *Swaye* v. *Sylvan Construction Co.,* 7 Conn. Sup. 456, 460.

To determine whether the trial court erred in its conclusion that the lien in this case was valid, it is necessary to apply to the facts the principles set forth in the *Martin Tire* case, supra, viz., where the

work is substantially completed and the delay in final completion is unreasonable and the balance of the work is trivial, the time to file the lien is not extended. Although most of the work in the instant case was done in November, 1961, the court found that the work had not been substantially completed. Even if the work be considered as substantially completed, it is clear to us from the evidence and the finding that the delay in completion was not unreasonable, due as it was to factors not within the plaintiff's responsibility, and the final completion by the plaintiff being required by the terms of its contract. Nor may the material furnished and the services performed after the delay be considered trivial. Even though this amount of work involved only nine man hours and a small amount of material, the court found, and there is ample evidence to sustain the finding, that the work of shingling around the chimney was vital to protect the house.

The fact that the defendants Davies did not direct the plaintiff to return to complete the work is of no consequence. Nor is there any merit to their claim that the plaintiff surreptitiously returned in order to revive an expired lien, there being no evidence or finding to that effect.

The evidence supports the court's findings of fact and those findings sustain its final conclusion that the lien was valid.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.