F. B. MATTSON COMPANY, INC. *v.*
CONRAD TARTE ET AL.
(AC 16993)
(AC 17049)

O'Connell, C. J., and Landau and Daly, Js.

Argued September 23—officially released December 9, 1997

*Robert P. Hanahan*, for the appellants (named defendant et al.).

*Stephen R. Griffin*, for the appellant (defendant Great Western Bank).

*Thomas A. Kaelin*, for the appellee (plaintiff).

*Opinion*

DALY, J. The defendants, Conrad Tarte, Commercial Investments International, Inc. (Commercial Investments), and Great Western Bank, appeal from the judgment of strict foreclosure of a mechanic's lien in favor of the plaintiff, F. B. Mattson Company, Inc. (Mattson).[1] The defendants claim that the trial court improperly rendered judgment in favor of Mattson in violation of General Statutes § 49-34.[2] We agree and reverse the judgment of the trial court.

The trial court found the following facts. In the spring of 1995, Mattson, a corporation licensed as a general contractor under Connecticut law, entered into a written agreement with Commercial Investments to undertake renovations of property owned by Commercial Investments, located at 161 Hillside Avenue, Waterbury. Tarte was the president and one-third owner of Commercial Investments. The property, which is located in a historic district, includes a mansion and carriage house

---

[1] While there are three counts in the plaintiff's complaint, the trial court bifurcated the counts and proceeded to trial on the first count only. A judgment of foreclosure of the mechanic's lien was entered on the first count of the complaint on March 3, 1997. On March 14, 1997, this court granted the defendants' motion for permission to appeal from the judgment pursuant to Practice Book § 4002C. Thereafter, the defendants filed appeals. On June 2, 1997, this court granted the defendants' motion to consolidate the appeals only for purposes of oral argument and preparation of a single record.

[2] General Statutes § 49-34 provides in relevant part: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk . . . a certificate in writing . . . ."

that were constructed in the late 1880s. The principal part of the work to be performed under the contract was the replacement of the mansion's deteriorated copper roof. Mattson began the work in April, 1995, and completed it in early October of that year. By that time, Commercial Investments had fallen behind in payments due under the contract. On October 10, 1995, Mattson stopped working on the property, leaving the scaffolding and roof brackets in place. At the request of Tarte, who took title to the property in October, 1995, two Mattson employees returned to the property on November 10, 1995, and worked the entire day removing the scaffolding and roof brackets. Mattson performed no further work on the premises. On January 25, 1996, Mattson recorded a certificate of mechanic's lien against the property claiming a balance due of $83,723.29. The certificate stated that Mattson ceased furnishing services and materials to the property on November 10, 1995.

The trial court held that where work is done at the request of the owner, the statutory period for filing a mechanic's lien under § 49-34 is calculated from the date the requested work is performed. Accordingly, the trial court concluded that, under the facts of this case, the ninety day period for filing the mechanic's lien ran from November 10, 1995, and Mattson's lien, filed on January 25, 1996, was timely.

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum

of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go." (Citation omitted.) *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). With those principles in mind, we now turn to the defendants' single claim on appeal.

The issue raised by the defendants in this appeal is whether the trial court properly determined that Mattson timely filed the certificate of mechanic's lien even though the court found that the work was substantially complete on October 3, 1995. The defendants claim that the ninety day period for filing the certificate of mechanic's lien began to run on October 3, 1995, because that was the date the plaintiff ceased to work on the property. Mattson argues that the last work performed on the property was November 10, 1995, and that the ninety day period began to run as of that date.

"In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, 99 Conn. 396, 403, 122 A. 102 (1923). It is the general rule that where a statute creates a right of action that did not exist at common law and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone." *H. G. Bass Associates, Inc.* v. *Ethan Allen, Inc.*, 26 Conn. App. 426, 429, 601 A.2d 1040 (1992).

"To determine whether the trial court erred in its conclusion that the lien in this case was valid, it is necessary to apply to the facts the principles set forth in [*Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*,

supra, 99 Conn. 396], where the work is substantially completed and the delay in final completion is unreasonable and the balance of the work is trivial, the time to file the lien is not extended." *Backros, Inc.* v. *Davies,* 2 Conn. Cir. Ct. 365, 367–68, 199 A.2d 349 (1963).

In *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.,* supra, 99 Conn. 396, the defendant contested the validity of the petitioner's lien, contending that the contract for construction was substantially complete on March 9, 1921, and that the petitioner filed its lien beyond the statutory filing period as calculated therefrom. The petitioner filed its certificate of mechanic's lien on May 23, 1921, stating that it ceased furnishing materials and rendering services on April 6, 1921. The facts revealed that no material was furnished after March 9, 1921, and that the only labor furnished was that of a carpenter on March 15, 1921, and that of the petitioner's superintendent of construction. The superintendent "was employed up to and including April 6th, 1921, in cleaning up and making alterations and getting petitioner's equipment in condition for removal and removing it from the job, as required by the contract." (Internal quotation marks omitted.) Id., 402. The court determined that the period for filing the lien began to run from April 6, 1921. The court, assuming that March 9, 1921, was the date of substantial completion, held that there was no delay in finishing the contract and that the work done and services rendered after March 9, 1921, were not trivial. The court found persuasive the fact that the work performed by the superintendent was continuous through April 6 and was "a necessary part of the construction of the building." Id., 403.

In support of its position that Tarte's request extended the period for filing the lien, the plaintiff herein relies on the statement in *Martin Tire & Rubber Co.* that "trivial work done or material furnished will be sufficient to extend the time for filing the lien if

done at the request of the owner, and not for the mere purpose of saving his lien." Id., 400, citing *Nichols* v. *Culver*, 51 Conn. 177 (1883). In *Nichols*, however, the work done at the request of the owner was "final work upon the house, such as making a frame for an inside cellar door, putting glass into the cellar windows, putting up clothes hooks, brackets and a shelf." *Nichols* v. *Culver*, supra, 183.

In the present case, the work performed on November 10, 1995, at Tarte's request, was not the type of work contemplated by *Nichols* v. *Culver*, supra, 51 Conn. 177. Mattson was obligated to remove the scaffolding, roof brackets and equipment at the completion of its contract and the defendant owner merely requested that it do so. Thus, Tarte's request did not extend the period for filing the lien. We acknowledge, however, that the delay in removing the equipment was not unreasonable, as it was due to the expectation that the parties might contract for additional painting work. Nevertheless, the task of removal was trivial, entailing the services of a carpenter and an apprentice for only one day. Unlike in *Martin Tire & Rubber Co.*, the work performed in this case was not continuous and involved the work necessary only to remove Mattson's equipment. "We should not upon this record be able to hold that *the preparation for removal and the removal* of the petitioner's equipment from this building was the rendition of such service as would warrant the filing of a mechanic's lien or fix the date of the running of the lien." (Emphasis added.) *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, supra, 99 Conn. 403.

The judgment is reversed and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.