[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Julia Gebhardt, has applied pursuant to General Statutes § 49-35a to discharge a mechanic's lien placed on her property on June 16, 1997, by the defendant, Leroy A. Frost, d/b/a Frost Builders General Contractors. The lien, which is in the amount of $7,015, refers to construction work performed and material furnished by the defendant in connection CT Page 80 with additions and alterations to the plaintiff's home between June 24, 1996, and April 10, 1997.
The following facts are found as a result of evidence presented at the hearing on the plaintiff's motion to discharge. The parties signed a home improvement contract dated July 17, 1996 that did not contain any notice of cancellation. The last time that the defendant was on the plaintiff's premises was on April 10, 1997, when, at her request, the defendant returned to the plaintiff's home for about one hour to fix an outside door at the front of the house that would not shut or lock, and also to repair a lock on a basement door. The defendant had originally installed both of these doors. It was also established that the defendant's attorney wrote a letter dated April 23, 1997 to the plaintiff indicating that all the work at her home had been completed by October 18, 1996, and that a certificate of occupancy was issued on December 2, 1996.
The plaintiff claims that the lien should be vacated for two reasons. The first is that General Statutes § 20-418 et seq., the Home Improvement Act (HIA), was violated because the signed contract does not contain the cancellation notice required by General Statutes § 20-429 (a) (6).[1] The second reason is that the lien was filed beyond the statutory filing period in violation of General Statutes § 49-34.[2]
The issue is whether the defendant has established probable cause to sustain his mechanic's lien. First Constitution Bank v.Harbor Village Ltd. Partnership, 230 Conn. 807, 646 A.2d 812
(1994), points out that the mechanic's lien statute should be construed in a liberal fashion "in order to achieve the remedial purposes of the . . . statute[s]." Id., 815. However, General Statutes § 49-35b (a) provides that at a hearing to discharge a mechanic's lien, "the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien." In the context of a mechanic's lien, probable cause has been described as "analogous" to the definition thereof in prejudgment remedies. "The legal idea of probable cause is a bonafide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false. The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full CT Page 81 scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. The court's role in such a hearing is to determine probable success by weighing probabilities." (Citations omitted; internal quotation marks omitted.) Pero Building Co. Inc. v.Smith, 6 Conn. App. 180, 182-83, 504 A.2d 524 (1986).
The defendant agrees that his contract with the plaintiff was a home improvement contract and that it "did not contain the cancellation right statement." Under the HIA, in the absence of bad faith, a homeowner is entitled to rescind a home improvement contract that fails to comply with the requirements in that act.Barrett Builders v. Miller, 215 Conn. 316, 321-22, 328,576 A.2d 455 (1990).[3] The defendant contends that the plaintiff exhibited bad faith, which represents an exception to the rule. The "bad faith" exception requires a plaintiff to establish "that the [defendant's] invocation of the HIA as a basis for [his] repudiation of the contract was in bad faith." Rizzo Pool Co. v.Del Grosso, 232 Conn. 232 Conn. 666, 680, 657 A.2d 1087 (1995). "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Habetz v. Condon,224 Conn. 231, 237, 618 A.2d 506 (1992); see also Rizzo Pool Co.v. Del Grosso, Id.
The alleged bad faith on the part of the plaintiff in this case consists of the plaintiff advising the defendant that her home would be empty during the construction period but moving in on the first day of work and filling the house and garage with her own property. The defendant claims that the plaintiff's presence caused delay and disruption in the performance of his work as he was counting on using the garage for his tools and other material.
At the hearing, however, it was established that the plaintiff moved into the premises on the same date that work began, which happened to be several weeks before the parties actually signed the building contract. It appears that the defendant had the opportunity to decline to start work or to renegotiate the contract because of the plaintiff's presence on CT Page 82 site, but chose to go ahead with the project.
It is evident that the defendant cannot recover on the bad faith exception because it is limited to "instances of bad faith relating to the formation of, or inducement to, enter into a home improvement contract" and even possibly an "unwarranted" or an "improper termination or repudiation of the agreement." Dinnisv. Roberts, 35 Conn. App. 253, 257, 644 A.2d 971, cert. denied,231 Conn. 924, 648 A.2d 162 (1994). The alleged bad faith in this case falls short of the proof required to invoke this exception. On a full trial, of course, when the defendant will have more opportunity to develop this theory, there could be a different result, but at this stage of the proceedings the defendant has not met his burden of proof on this subject.
The second reason relates to the timeliness of the filing of the mechanic's lien on June 16, 1997. The controversy concerns the effect of the defendant's return to the premises on April 10, 1997, after finishing his work in October of 1996 and obtaining a certificate of occupancy in December of 1996. According to F. B.Mattson Co. v. Tarte, 47 Conn. App. 265, 269, ___ A.2d ___ (1997), the issue is whether the work performed on April 10, 1997, was "trivial" and hence did not extend the date for filing a mechanic's lien. The trial court had stated that the crucial factor was that the builder returned at the homeowner's request. The Appellate Court rejected this theory and held that three factors had to be considered: whether the project was substantially performed at an earlier date, whether the delay and final completion were reasonable, and whether "the balance of the work is trivial." Id.
The defendant through his attorney notified the plaintiff that he had completed work in October of 1996. Secondly, there was no work between that month and when the defendant returned to the premises the following April, which was also four months after a certificate of occupancy had been issued. In addition, the work performed by the defendant on April 10, 1997, appears to be trivial within the scope of F. B. Mattson Co. v. Tarte, supra,47 Conn. App. 270. In that case a carpenter and an apprentice returned for one day of work. In the present case the defendant returned for just one hour and simply to fix two doors that he had installed many months previously which were not closing and locking properly.
In conclusion, the building contract between the parties is CT Page 83 unenforceable because it did not comply with the HIA, and the defendant did not prove bad faith on the part of the plaintiff. Secondly, the work performed by the defendant in April of 1997 was too trivial to extend the date for filing a mechanic's lien. Therefore, the plaintiff's motion to vacate the defendant's mechanic's lien is granted in accordance with General Statutes49-35b (b) (2) (A) because the lienor has not established probable cause to sustain the validity of his lien.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of January, 1998.
WILLIAM B. LEWIS, JUDGE