[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action by plaintiff Country Lumber, Inc. seeks to foreclose a mechanic's lien for materials furnished to the defendant residential property owner Gloria Simon.
The plaintiff, a retailer of building materials, commenced deliveries of miscellaneous products to a building site owned by the defendant Gloria Simon located in Shelton, Connecticut on March 31, 1997 according to witnesses and Plaintiff's Exhibit 5. The defendant Simon as owner of the property against which the lien was filed was constructing the residence with her son-in-law Martin Dempsey acting as her agent and construction manager. Dempsey ordered material over a period of time extending to September 1997 and the house was completed at about that time according to him. A Certificate of Occupancy was issued in November 1997. Some payments on the account had been made but due to a dispute with the plaintiff over the amount due there was a balance on the account which is the basis of the present mechanic's mechanic's lien. (Plaintiff's Ex. 1). The lien was however not filed until August 24, 1998 with the lien CT Page 3114 reciting that the supply of materials extended over the period from March 31, 1997 to July 8, 1998.
It is the plaintiff's claim that material furnished to the defendant in July 1998 consisting of shingles were part and parcel of the original project and represented simply part of the overall supply of materials to the location. Dempsey, to the contrary testified that the material shown on Plaintiff's Exhibit 4, the singles, represented simply a purchase of convenience because the plaintiff was the only local supplier of shingles which matched the original construction. The need for the shingles came about only because the roof in place on the building was damaged by a fire affecting the second floor of the newly constructed house and had otherwise no connection with the earlier construction. Plaintiff's Exhibit 2 reflects the last delivery prior to the replacement shingles on September 30, 1997. The replacement shingles were delivered June 12, 1998. The court concludes that the building had been completed for a number of months prior to the fire.
Sec. 49-34 C.G.S. provides a right to a valid mechanic's lien if the person filing the lien certificate does so within 90 days after ceasing to furnish material at the job site. It has been held that "no trivial or inconsequential service or work done after the substantial completion of the building will extend the time for claiming the lien." Backros, Inc. v. Davies, 2 Conn. Cir. Ct. 365, 367.
It seems clear from the exhibits offered and the testimony given that the furnishing of the shingles and the subsequent filing of the lien cannot satisfy the 90 day limitation which in the view of the court commenced to run upon substantial completion of the building in the early fall of 1997.
Of significance also is the execution of lien waivers by the plaintiff (Defendant's Exhs. 3 4) dated June 18 and July 10, 1997 which on the face of the documents themselves relinquished any claims and or liens for materials furnished from March 31, 1997 to the time of the execution of the waivers.
Because the delivery of shingles by the plaintiff on or about June 12, 1998 (Plaintiff's Ex. 4) was not related to the construction for which the plaintiff initially furnished materials, the 90 day period had long expired by the time the purported mechanic's lien was filed on August 24, 1998. The CT Page 3115 certificate cannot represent a valid lien upon which the present demand for foreclosure can be granted.
Judgment may enter for the defendants.
BY THE COURT,
George W. Ripley II Judge Trial Referee