[S. F. No. 62.    Department Two.—June 23, 1896.]

## GEORGE W. BEATTY, APPELLANT, *v.* C. J. MILLS, RESPONDENT.

MECHANIC'S LIEN—WORK ON STREET—TIME FOR FILING CLAIM OF LIEN.
   A claim of a mechanic's lien for work done on a street, under a contract
   providing that the work should be done "to the satisfaction of the
   superintendent of public streets," must be filed within sixty days after
   the completion of the work. A subsequent filing, although within sixty
   days after the superintendent had given a certificate that the work was
   done to his satisfaction, is ineffectual.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. JAMES E. MURPHY, Judge.

The facts are stated in the opinion of the court.

*Shadburne & Herrin,* for Appellant.

*Reddy, Campbell & Metson,* for Respondent.

McFARLAND, J.—This is an action to enforce a lien under the provisions of the code relating to liens of mechanics and others. Judgment went for defendant, and plaintiff appeals.

The premises against which the lien is sought to be enforced are situated in the city and county of San Francisco, and are the property of the estate of Warren F. Mills, deceased; and the respondent, Cecil J. Mills, is executrix—jointly with one Holland Smith, who is executor—of said estate. The lien is based on an alleged written contract for certain street work in front of said premises made by Mrs. Mills alone, and without the concurrence of her coexecutor, with Hogan & Burns, contractors, and an assignment of the lien by said contractors to the appellant. The court found: 1. That the contract was void because one of said contractors had falsely represented to the respondent, when she was quite sick in bed, that her coexecutor, Smith, to whom she intrusted the management of the estate, had sent,

by said contractor, a direction that she should sign said contract; 2. That the assignment to appellant was made before the filing of the lien, and therefore of no legal value—as held in *Mills* v. *La Verne Land Co.*, 97 Cal. 254; 33 Am. St. Rep. 168; and 3. That the lien was not filed within sixty days after the completion of the work.

The last of the three findings above stated was clearly right, and therefore we need not discuss the other two. It is beyond doubt that, as a fact, the lien was not filed until more than sixty days after the completion of the work. Appellant contends that this defect in his lien is obviated by a certain certificate of a deputy superintendent of streets. The contract provided, among other things, that the work should be done "to the satisfaction of the superintendent of public streets of said city and county"; and appellant offered in evidence a certificate of the superintendent, by a deputy, that the work "has been done to my satisfaction." Respondent objected, no several grounds, to the admission of this certificate in evidence, and the objection was sustained. Appellant contends that this ruling was erroneous; and that as the lien was filed within sixty days after the date of said certificate, therefore it was filed in time. But this contention cannot be maintained. Assuming that, as evidence of the work having been done to the satisfaction of the superintendent, as provided in the contract, the *certificate* or written declaration of the superintendent was admissible, and not mere hearsay; and, assuming further, that, for the purposes of the contract, a certificate of a deputy was a certificate of the superintendent, still such certificate could not change, or in any way affect, the statutory period within which a lien must be filed. And that period commences at the date of the completion of the work. By the contract the superintendent was arbiter, at most, of only the quality of the work; and his certificate only purports to state that the work which had been done was done well and to his satisfaction. If it had contained a statement of the date of the comple-

tion of the work, such statement would have been of no value.

The judgment and order denying a motion for a new trial are affirmed.

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in Bank denied.