Argued October 15, decided November 17, 1908.

## COFFEY *v.* SMITH.

[97 Pac. 1079.]

MECHANICS' LIENS—CLAIM FOR LIEN—TIME OF FILING—PLEADING.

1. The complaint of an original contractor for a mechanic's lien for work, under a contract to do the plumbing in a building, fails to show that the contractor filed his claim for a lien within 60 days "after completion of his contract," the time limited therefor, by Section 5644, B. & C. Comp., it averring that he filed it within 60 days after "completion of the building."

MECHANICS' LIENS—CLAIMS FOR LIEN—TIME FOR FILING—"COMPLETION OF CONTRACT."

2. The "completion" of a contract to do the plumbing in a building, within 60 days after which Section 5644, B. & C. Comp., requires the claim for a lien to

be filed, is the time when the contractor substantially completed it, supposed he had finished the work, got the city plumbing inspector to examine and pass on the work, and took his tools and men away, and not the time when, several months later, after a dispute as to amount due, he did a few hours work, nor the time when thereafter the plumbing inspector issued his certificate, though by the contract the work was to be done to his satisfaction as regards quality.

MECHANICS' LIENS—BURDEN OF PROOF.

3. A contractor or materialman cannot revive or keep alive the right to file his lien, by performing a small amount of labor or furnishing an insignificant amount of material for that purpose only, and when controverted, the burden is on the lien claimant to show affirmatively, that there was no unnecessary or unreasonable delay in completing the contract on his part.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. COMMISSIONER SLATER.

This is a suit to foreclose a mechanic's lien, and was instituted by B. D. Coffey, as original contractor, against O. M. Smith, who, it is alleged, is the owner of the dwelling house, the subject-matter of the lien, and the reputed owner of the lot upon which it was built, viz. lot 2, block 11, West Piedmont, in Multnomah County. It is further alleged that the Title Guarantee & Trust Co. a corporation, one of the defendants, held the legal title, in trust, however, at the time the building was constructed, which was done with its knowledge and consent. Sarah A. Church, a subsequent purchaser thereof, was made a defendant, but, she having died pending the suit, her interest devolved upon her daughter, Harriett E. McGuire, who was substituted as defendant. The lien claimed is for the reasonable value of material, alleged to have been furnished, and labor performed, between May 12 and December 13, 1905, in doing the plumbing in the construction of such dwelling. The amount of the claim is $100, after making a credit of $10, money received on account. It is alleged that on December 13, 1905, and within 60 days after the completion of the building, plaintiff filed his notice or claim of lien substantially as required by the statute, setting forth the same in full.

Defendants Smith and the trust company answered, denying the material allegations of the complaint, and, as

an affirmative defense, averred substantially that Smith entered into a contract with C. N. Willoughby, the owner of the equitble title to the lot, to construct this dwelling thereon, and that he sublet to plaintiff the contract for plumbing it, which the latter agreed to do, in accordance with the ordinances of the City of Portland, and to the satisfaction of the city plumbing inspector; this plaintiff entered on the performance of his contract, but wholly failed to complete the same in accordance with its terms, or at all, and that on July 25, 1905, he wholly abandoned his contract, and refused to complete the same.

The reply put in issue the new matter of the answer, and after the taking of testimony, the court found in favor of plaintiff, and decreed that he have a lien on said building and lot for the amount of $90, and that the same be foreclosed. From such decree the defendants, answering, have appealed.       REVERSED.

For appellant there was a brief and an oral argument by *Mr. John H. Hall.*

For respondent there was a brief with oral arguments by *Mr. Andrew T. Lewis* and *Mr. Walter G. Hayes.*

Opinion by MR. COMMISSIONER SLATER.

Several important questions have been raised and presented to this court, but it will be necessary to refer to and consider but one of them, viz. whether the claim for a lien was filed within the time required by the statute.

1. The right to assert and perfect a mechanic's lien is a statutory privilege (*Brown* v. *Harper,* 4 Or. 89), and is in derogation of the common law, and can be established only by a clear compliance with the requirements of the statute. A party claiming such lien must show a substantial compliance therewith, and by his complaint must bring himself within its provisions: *Pilz* v. *Killingsworth,* 20 Or. 432 (26 Pac. 305) ; *Allen & Krosel* v. *Rowe,* 19 Or. 188 (23 Pac. 901) ; *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67) ; *Gordon* v. *Deal,* 23

Or. 153 (31 Pac. 287) ; *Nicolai v. Van Fridagh,* 23 Or. 149 (31 Pac. 288). By Section 5644, B. & C. Comp. it is made the duty of every original contractor, within 60 days after the completion of his contract, to file his claim for a lien, while all other persons save the original contractor are required to file their claim within 30 days after the completion of the alteration or repair of the structure for which labor or material has been furnished. As to the latter, it has been settled by this court that it is within 30 days from the completion of the building, and not from the date of furnishing material, within which the claim for a lien must be filed: *Ainslie* v. *Kohn,* 16 Or. 363 (19 Pac. 97) ; *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67) ; *Fitch* v. *Howitt,* 32 Or. 404 (52 Pac. 192). But the time in which an original contractor must file his claim by the terms of the statute, begins to run from the completion of his contract, and not from the completion of the building. If his contract should be for the construction of a building, "the completion of his contract" would correspond in time with the completion of the building, and in that event there would be no difference. But the contract of an original contractor, as it was in fact in this case, might be for the construction or repair of a particular part of the building, and the completion of the contract and that of the building would not necessarily be coterminous as to time. It will be observed that the complaint fails to state what was plaintiff's contract, but avers that he filed his claim for a lien on December 13, 1905, and "within 60 days after the completion of the building." The answer partially supplies this deficiency by alleging what were the terms of the contract, but it denies the averments of the complaint as to the time when the lien was filed. We cannot say, as a matter of law, that the completion of a contract to do the plumbing in a house under course of construction is "the completion of the building," and for this reason the complaint fails to make the necessary

averment that the claim for a lien was filed "within 60 days after the completion of his contract," as required by the statute.

2. The parties in the trial of the case, however, have assumed that a proper issue had been framed by the pleadings as to whether the lien was filed within the time prescribed by the statute, and for that reason we have examined the testimony and the record to determine that question. Defendants contend that plaintiff was not an original contractor, but a subcontractor, and that therefore he had but 30 days, after the completion of the building, in which to file his lien, and not 60 days after the completion of his contract. Viewing the record, however, most favorably to plaintiff, and in harmony with his contention that he occupies the position of an original contractor, it clearly appears to us that his lien was not filed within 60 days after the completion of his contract. It was filed December 13, and to be within the statute, his contract must not have been completed prior to October 14. He claims to have done some work necessary to complete his contract on November 15, but it occupied but a fraction of a day, and was evidently inconsiderable in amount and value. It consisted in putting in one or more iron hooks or straps to support the pipes in the basement, and making a slight alteration in the pipe ventilating the trap to the closet. But it appears from the testimony of D. Kahlin, plaintiff's witness, who did the work in the first instance, that this contract was completed by him, substantially at least, on or prior to August 13. At that time he had finished the work, as he thought, took his tools away, and, in behalf of his principal, had requested the city plumbing inspector to examine and pass upon the work, which was done by that officer on Aguust 13, as is shown by the official records of the city. No objections to the work were noted by the inspecting officer upon his records. It also appears quite clearly that plaintiff imme-

diately thereafter acted upon the theory that his contract
was completed, for he directed his workman to go to
other places to work, and demanded of Smith payment
for this work; and, not receiving payment in September,
he put his demand into the hands of his attorney for col-
lection, who testifies he made frequent requests of Smith
for payment, and received promises of early settlement.
Plaintiff testifies when he returned from the seaside, the
time of which he does not fix, he applied to Smith for
the balance of the money due him, but that the latter
declined to accept the buildings, and when he inquired
what the trouble was, Smith told him to go to the plumb-
ing inspector and find out; that he went to that officer,
who informed him that some parts of his work were
not satisfactory, and that he would have to do it over
again before a certificate could be issued; that the inspec-
tor gave him a list of what was to be done over, and
what he did on November 15 was to meet the require-
ments of the inspector. Smith testifies that the differ-
ences between himself and the plaintiff arose, not so much
over the deficiencies in the work on this house, but over
the bad character of plaintiff's work done on some other
houses not now involved in any suit pending between
them, and this does not appear to be denied by plaintiff.
Smith says he had become tired trying to induce plaintiff
to complete his work according to the terms of his con-
tract, and acting on the theory that plaintiff had aban-
doned the job, he delivered the house as completed to
the parties for whom it had been built. While the parties
were thus contending about the matter, the property
was sold to Mrs. Church, who, with her daughter
and son-in-law, P. A. McGuire, moved into the house
cn September 1, where they have since resided. McGuire
testifies that plaintiff came there some time in Novem-
ber, and did a small amount of work, which consumed
only a few minutes of time, and this was done without
any request by those occupying the house. A final certifi-

cate approving the work was finally issued by the inspector on December 2, which date plaintiff contends is the completion of the work; while, on the other hand, defendants insist that the work which plaintiff undertook was substantially completed as early as June 28, at which date he abandoned the work and refused to complete it, and that the work done by him in November was done voluntarily for the purpose of renewing his lien after the time for filing it had expired, and for that reason the lien subsequently filed is void.

3. It is well settled that a contractor or materialman cannot revive or keep alive his lien by *sua sponte* performing a small amount of labor, or furnishing a small amount of material for that purpose only: *Central Trust Co.* v. *Chicago, K. & T. Ry. Co.* (C. C.) 54 Fed. 598; *Hartley* v. *Richardson*, 91 Me. 424 (40 Atl. 336). In the latter case it is held that while the lien law should be construed favorably to the laborer, the rights of the owner and subsequent grantees should also be respected, and that the laborer ought not to be encouraged to leave some trifling matter incomplete, and wait to see if his payment is made, and, if that fails, complete any trifling work left, and be allowed to revive and continue his lien to the detriment of parties who, in good faith, relying upon the records and the apparent completion of the work of the laborer, pay the contractor, or take a conveyance of the property.

After the substantial completion of his contract on or about August 13, plaintiff should not be permitted, by unreasonable delay in the performance of trfling matters, which could and should have been done at an earlier time, postpone the date from which the time allowed by the statute begins to run: *Cooley* v. *Holcolmb*, 68 Conn. 35 (35 Atl. 765) ; *Cole* v. *Uhl*, 46 Conn. 296; *Dayton* v. *Minn. R. & I. Co.* 63 Minn. 48 (65 N. W. 133) ; *Burleigh Bld. Co.* v. *Building Co.* 13 Colo. App. 455 (59 Pac. 83). If, when inspected August 13, the work was

not satisfactory to the inspector, the duty was upon plaintiff to ascertain what was necessary to be done, and meet the requirements within a reasonable time, and the burden is on the lien claimant to show affirmatively that there was no unnecessary or unreasonable delay: *Sanford* v. *Frost,* 41 Conn. 617. Here more than 60 days have transpired between the cessation of work when plaintiff and his employee evidently understood and contended that the contract was completed and the time when the small amount of additional work was performed, and after a controversy had arisen about the amount due.

At the argument a theory was advanced by plaintiff's counsel to the effect that as defendants had averred in their answer that the work was to be done to the satisfaction of the plumbing inspector of the City of Portland, the contract could not be considered as completed until such officer had issued his certificate to that effect, which was not done until December 2, and that plaintiff's time to file a lien would run from that date, but by the alleged contract the inspector was arbiter, at most, only of the quality of the work, and any act of his in inspecting or delaying the issuance of his certificate would not extend the time allowed by law to the plaintiff after the completion of the contract in which to file his lien: *Beatty* v. *Mills,* 113 Cal. 312 (45 Pac. 468).

From these considerations, it follows that plaintiff's alleged lien was not filed within time, and is therefore invalid, and the decree should be reversed and the complaint dismissed.                          REVERSED.