Argued February 21, decided March 12, 1912.

## SCHADE v. ALTON.

[121 Pac. 898.]

MECHANICS' LIENS—CLAIM FOR LIEN—TIME FOR FILING—"COMPLETION OF CONTRACT."

The uncovering by a subcontractor for the plumbing of a building of a sewer pipe for inspection by the city officials, made necessary for want of inspection before the pipe was covered, is not work in the "completion of the contract," within the statute flixing the time for filing of a lien claim after the completion of the contract.

From Multnomah: ROBERT G. MORROW, Judge.

This is a suit by Henry Schade, Herman Schade and Hugh Ryan, partners, doing business under the firm name and style of "Schade Bros. & Co.," against C. Alton,

George Seeder, Kate M. Neppach and Theodore Nicolai, to foreclose a mechanic's lien. From a decree in favor of plaintiffs, defendants Seeder, Neppach, and Nicolai appeal.                REVERSED: SUIT DISMISSED.

For appellants there was a brief over the names of *Messrs. Johnson & Van Zante* and *Mr. Albert H. Tanner,* with an oral argument by *Mr. John Van Zante.*

For respondents there was a brief and an oral argument by *Mr. Andrew T. Lewis.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is a suit to foreclose a mechanic's lien. On October 1, 1909, defendant Alton contracted to erect a dwelling for defendant Seeder within 30 days, and plaintiffs contracted with him to do the plumbing. They did the work, and on January 6, 1910, filed a notice of lien in the office of the county clerk for the sum of $175, the price therefor, contending that the building was completed on December 24, 1909. Defendant Seeder alleges that the building was completed on November 2, 1909, and therefore that the notice of lien was not filed within the time provided by law and was ineffectual. The testimony on behalf of Seeder tends to show that the building was completed and received by him on November 2, 1909; that he moved into it on that date; and that no work was done thereon thereafter. The plumbing, except the terra cotta sewer pipe, was completed on October 15th, and it does not appear that any other work was done by plaintiffs after that date, except that they uncovered the sewer pipe, connecting the house with the cesspool, namely, eight or ten feet, on December 20th, that the city inspector might examine it. Plaintiffs' testimony was that they were to connect the house with the cesspool, and did furnish the terra cotta pipe for that purpose. Defendant Seeder says that the contractor was not to so connect with the cesspool, and it

is conceded that Seeder did the work and covered the pipe without inspection, and that the city inspector notified plaintiffs to uncover it. The evidence does not show whether the sewer pipe was connected with the cesspool before or after November 2d; but it must have been done before that date, or the basins and sinks could not have been used by Seeder after he moved into the house.

H. Hiller, who contracted with Seeder—not Alton— to paint the house, testified that he completed the painting between Christmas and New Year, but he had no record of the time; it was just the best of his recollection. Seeder and his wife both testify positively that the painting was completed before they moved into the house. Therefore it is not established that the house was not completed before November 2d, unless the uncovering of the sewer pipe constituted such completion, which certainly was not construction work, but work occasioned by reason of the fact that the work was not inspected before it was covered.

Mr. Justice MOORE, in *Sarchet* v. *Legg*, 60 Or. 213 (118 Pac. 203), says: "In order to protect laborers and materialmen, our statute makes ample provision, and should be liberally construed in their favor, on the ground that the enactment is remedial. Where, however, the rights of an owner, who, relying upon the completion of the building, has paid the contract price, or of an innocent grantee of the premises, become involved such trifling things as the fastening of an electric switch or the placing of a pipe through a wall should not be regarded as incident in the completion of a building, but as repairs."

The facts in this case come clearly within the holding in *Coffey* v. *Smith*, 52 Or. 538 (97 Pac. 1079) ; *Crane Co.* v. *Ellis*, 58 Or. 299 (114 Pac. 475).

The decree is reversed, and the suit dismissed.

REVERSED: SUIT DISMISSED.