Submitted on briefs July 27, reversed September 14, 1926.

## STARK–DAVIS CO. *v.* WILBERT B. WILSON
### ET AL.

(248 Pac. 1095.)

**Mechanics' Liens.**

1. Contractor cannot keep alive right to lien by performing trifling amount of labor after contract has been considered by all parties as completed.

---

1. See 18 R. C. L. 933.

Mechanics' Liens.

2. Where material and substantial thing required by terms of original contract has been omitted, final completion of contract dates from time it is supplied by contractor.

Mechanics' Liens—Where Labor and Material Used in Installing New Furnace, After First was Found Defective, Amounted to More Than One-half of Contract Price, Time for Filing Lien Ran from Date of Furnishing Them (§ 10195, Or. L.).

3. Where furnace installed failed to meet requirements of city building code, and later contractor, by using more than six hours' skilled labor, installed new furnace worth $90, which labor and furnace amounted to more than half of contract price, time for filing mechanic's lien under Section 10195, Or. L., began to run from latter date.

Mechanics' Liens, 40 C. J., p. 391, n. 81.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

The plaintiff, Stark-Davis Company, a corporation, has appealed from an order of the Circuit Court decreeing the dismissal of its complaint upon the ground that a certain lien claim filed by plaintiff was not filed within sixty days from the time of the completion of its contract. The lien in question was a mechanic's lien for $150, filed by plaintiff on June 30, 1925, on a dwelling-house situate on Lot 4, Block 1, New York Addition to the City of Portland, arising out of a contract made by it with Wilbert B. Wilson, the owner of the house, for furnishing and installing a furnace, "together with all necessary pipes and equipment to make a complete warm air heating system." Thereafter, plaintiff brought suit to foreclose the lien. The complaint prays for a decree against defendant Wilbert B. Wilson for $150, for $75 attorney's fees, for the further sum of $1.25 paid for recording the lien, for costs and disbursements, and that the lien may be foreclosed.          REVERSED.

For appellant there was a brief over the name of *Mr. W. Y. Masters.*

For respondents, Clymer T. Noble and Marjorie T. Noble, executor and executrix, and Janet N. Miner, Marjorie T. Noble and Clymer T. Noble, trustees and heirs of H. E. Noble, deceased, there was a brief over the names of *Mr. F. M. Phelps* and *Messrs. Wilbur, Beckett, Howell & Oppenheimer.*   •

BROWN, J.—After the construction of the building, but prior to the filing of the lien, the property was transferred to the defendant H. E. Noble, who died during the pendency of the cause, and whose legal repesentatives and heirs have been duly substituted as defendants herein.

The defendants assert that the lien was filed too late to be enforced.

Every original contractor who claims the benefit of the statute providing for a lien shall file his claim for such lien within sixty days after the completion of his contract: Or. L., § 10195. It follows that, in order to decide this cause, we are required to determine the date of the completion of the contract.

At the time of making the contract involved herein, the Stark-Davis Company had in stock furnaces which failed to comply with the requirements of the Building Code of the City of Portland, and knowingly installed one of those furnaces in the Wilson dwelling-house, the work of installation being completed on or about April 4, 1925. A representative of the Building Department of the City of Portland inspected the furnace, and, on April 22, 1925, notified the company that they must replace the same. Defendant Wilson gave like notice. On May 2, 1925,

the company removed the furnace as requested and replaced the same with a furnace that met the requirements of the Building Code of the City of Portland and the demands of Wilson. The defendants claim that the date upon which the statutory period for filing a lien began to run was April 4, 1925, the date the original furnace was installed, whereas the plaintiff contends that the lien was filed within the statutory period for the reason that the statutory time commenced to run on May 2, 1925, the date of the installation of the second furnace.

1, 2. In this jurisdiction, nothing is better settled than that a contractor cannot keep alive his right to a lien by performing a trifling amount of labor after the contract has been considered by all parties as completed: *Coffey* v. *Smith,* 52 Or. 538 (97 Pac. 1079). It is likewise settled law in this state that, where rights of an innocent grantee are involved, trifling things should not be considered as incident to the completion of a contract: *Schade* v. *Alton,* 61 Or. 187 (121 Pac. 898), and local citations. But, when a material and substantial thing required by the terms of the original contract has been omitted, the final completion of the contract dates from the time such omission is supplied by the contractor: *Avery* v. *Butler,* 30 Or. 287 (47 Pac. 706); *Craig* v. *Crystal Realty Co.,* 89 Or. 25 (173 Pac. 322).

3. In the case at bar, more than six hours' skilled labor was performed and a new furnace of the value of about $90 was supplied on May 2, 1925, this labor and material amounting to more than one half of the contract price. The heating plant has never been paid for. The fact that the plaintiff attempted to install, and, in the first instance, did install, a furnace that had been constructed of lighter material than that required by the Building Code of the City of

Portland does not deprive it of its right to compensation for a lawfully constructed furnace and labor supplied on demand at a later date. However, we shall consider the matter of the plaintiff's delinquency in our decree, as relating to the question of costs upon appeal.

The decree of the lower court will be set aside, and one entered here in favor of the plaintiff in accordance with the prayer of its complaint, except that neither party shall recover costs in this court.

REVERSED AND DECREE ENTERED.

RAND, J., being absent, did not participate in this opinion.