CHRIS NIELSON, Appellant, v. FRANK L. BUSER et al., Appellees.

JANUARY 8, 1929.

*Maurice P. Cahill* and *W. C. Boland,* for appellant.

*Charles Benesh,* for appellees.

WAGNER, J.—The defendant Buser is the owner of Lot 18, Block 4, Country Club Heights Addition to the city of Cedar Rapids. Schultz & Severin is a copartnership, engaged in the

business of erecting buildings as a general contractor. Buser entered into a contract with said firm, by the terms of which said partnership was to erect a dwelling house upon the aforesaid real estate for the sum of $4,480. On or about the 14th day of November, 1925, the plaintiff entered into a contract with the aforesaid partnership, by the terms of which, for the agreed consideration of $638, he was to furnish the material and perform the labor for certain concrete and mason work in connection with the erection of said building. Shortly after this main contract was entered into between the contractor and subcontractor, another contract was entered into between them, for extra work, for the additional consideration of $30. The plaintiff has been paid for the extra work, except the sum of 73 cents, and for the entire services performed there is due him from the aforesaid firm the sum of $638.73. The trial court rendered judgment against said partnership and the individual members thereof for the amount due the plaintiff, and this action of the trial court's is not involved in this appeal.

· The sole matters in dispute in this litigation are between the plaintiff, subcontractor, and Buser, the owner of the aforesaid real estate. As to the defendant Buser, the trial court dismissed plaintiff's petition upon its merits; and from this action of the trial court's the plaintiff has appealed.

The plaintiff furnished the material and performed the work under the two contracts with the aforesaid partnership hereinbefore mentioned. All of said material was furnished and labor performed on or before the 8th day of February, 1926, except that in his statement of account appeared the following:

"May 4th. 1926, one man, one hour, ·      $1.43
"May 8th.   "   one man, 1½ hours.     2.15."

It is established beyond controversy that all of the material was furnished and all the labor was performed on or before February 8, 1926, except what plaintiff is claiming in the sum of $3.58, for two and a half hours' work, claimed to have been performed on the 4th and 8th days of May, 1926.

On June 3, 1926, the plaintiff filed with the clerk of the district court of Linn County his verified statement or account of the demand due him, in the amount of $638.73, stating therein that his contract with Schultz & Severin was to furnish material

and perform labor in and about the erection of a certain two-story frame building, situated on *Lots 17 and 18, Block 2, Country Club Heights Addition to the city of Cedar Rapids,* and that he claims a mechanic's lien upon said building and the real estate upon which the same is situated. On June 7, 1926, he caused to be served upon the defendant Buser a written notice of the filing of said lien. The description of the real estate in said written notice is the same as in the aforesaid statement for lien. In his petition, in which he asks for the foreclosure of the lien, the description of the real estate is identical with that given in the aforesaid statement and notice. It will be observed that the description of the real estate in the statement, notice, and petition is incorrect, as the building was erected not upon Lots 17 and 18, Block 2, Country Club Heights Addition to the city of Cedar Rapids, but upon Lot 18, Block 4, in said addition. At the time of the trial, on April 7, 1927, at the close of plaintiff's evidence, the plaintiff, having then ascertained the error in description, filed an amendment to his petition, alleging therein the correct description of the property. Said amendment was filed over the objection of the defendant that the court had no power or right, under the law, to permit an amendment of the description of the mechanic's lien heretofore filed of record. Said objection was overruled, the court stating that it was overruled, subject to his right to decide what effect the change of description may have on the validity of the lien.

The sole remaining question is as to whether or not the statement for mechanic's lien was filed in time to be of any avail to the appellant. It is shown by the record that the appellee, on the 26th day of May, 1926, more than paid the amount to which Schultz & Severin was entitled for the erection of the building. By Section 10277 of the Code of 1924, "every person [whether contractor or subcontractor] who wishes to avail himself of a mechanic's lien shall file with the clerk of the district court of the county in which the building to be charged with the lien is situated, a verified statement or account of the demand due him, after allowing all credits, setting forth: 1. The time when such material was furnished or labor performed, and when completed. 2. The correct description *of the property to be charged with the lien.*" (The italics are ours.) By Section 10278 of the Code it is provided that the statement or account required by the

preceding section shall be filed by a subcontractor within 60 days from the date on which the last of the material was furnished or the last of the labor performed. Said section further provides that a failure to file the same within said period shall not defeat the lien, except as otherwise provided in the same chapter. Section 10279 of the Code provides that:

"After the lapse of the 60 days prescribed in the preceding section, a subcontractor may perfect a mechanic's lien by filing his claim with the clerk of the district court and giving written notice thereof to the owner, his agent, or trustee."

Section 10280 of the Code provides that liens perfected under the preceding section shall be enforced against the property only to the extent of the balance due from the owner to the contractor at the time of the service of such notice. By Section 10283 of the Code it is provided that:

"Payment to the original contractor by the owner of any part or all of the contract price of such building before the lapse of the 60 days allowed by law for the filing of a mechanic's lien by a subcontractor, will not relieve the owner from liability to the subcontractor for the full value of any material furnished or labor performed upon said building, if the subcontractor file his lien within the time provided by law for the filing of the same."

It is the appellant's contention that his statement for mechanic's lien was filed within the 60-day period provided for by the aforesaid statutory law, it being his claim that the last service was performed on the 8th day of May, 1926, his statement for mechanic's lien being filed on the 3d day of June, 1926. It is the appellee's contention at this point that the last date of the account which should be considered for the purposes of ascertaining whether the lien was filed in time was the 8th day of February, 1926. It is apparent that, if the appellee is right in this contention, then appellant must fail; because more than 60 days elapsed between the 8th day of February, 1926, and the date of the filing of the lien, and the appellee, in the meantime, on May 26, 1926, after the expiration of the 60-day period, and before the service of notice upon him of the claim for a lien, paid the principal contractors more than the full amount due for the construction of the building. We have held that a subcontractor

who has substantially failed to comply with his contract may not count his time for filing a lien from the date when he rectified his defective work. *Sheldon v. Chicago Bond. & Sur. Co.,* 190 Iowa 945. The courts also announce the following doctrine:

"Generally, where a contract is regarded as completed, subsequently performing some service or furnishing some material to remedy a defect will not operate to extend the time for claiming a lien, or to revive a lien then expired." Note to *Badger Lbr. Co. v. Parker* (Kan.), 35 L. R. A. (N. S.) 901, at 907, and authorities there cited.

See, also, 18 Ruling Case Law 934. Thus it has been held that the time for filing a claim will run from the time the contractor claims to have completed his contract, and is not extended by his subsequently doing a few hours' work to remedy a small defect. *Coffey v. Smith,* 52 Ore. 538 (97 Pac. 1079). It has been held that work trivial in amount, done after completing the contract, and when the right to claim a lien thereunder has expired, is not sufficient to revive the right of lien. Note to *Badger Lbr. Co. v. Parker* (Kan.), 35 L. R. A. (N. S.) 901, at 904. In *Denniston & Partridge Co. v. Luther,* 194 Iowa 464, we said:

"There is a large measure of equity in the rule which requires the claimant of a lien to act promptly in filing his statement, and refuses, except in a clear case, to permit him to prolong the time allowed therefor, by making a trifling or delayed item of charge in his account."

In *Canfield Lbr. Co. v. Heinbaugh,* 184 Iowa 149, we held that the delivery of a small amount of material for the sole purpose of extending the time in which statement for a lien may be filed, effects nothing.

It is the claim of the plaintiff that, on May 4, 1926, he replaced some bricks that were broken off, and did some pointing up, and replaced mortar in joints where it fell out, and that, on May 8, 1926, he cleaned off the brick work on the front steps with muriatic acid. The appellant testified that from November 14th to the 20th, he put in concrete work, which was satisfactory, and from November 23d to January 8th, he put in foundations, which were finished up; that from February 2d to February 8th, he finished putting the cement floor in the basement.

We have read and reread the record with care, and are abidingly satisfied that, on February 8, 1926, his contract was regarded by all interested parties as completed, and that the two and a half hours of work performed on May 4 and May 8, 1926, were either for the purpose of remedying a slight defect in the work previously performed, and considered as completed, or that the work was performed in this trivial amount for the sole purpose of attempting to revive a lien which he knew had previously expired. The question naturally arising is: Why did the appellant serve the notice on the appellee on June 7, 1926, if his contract with Schultz & Severin was not completed until May 8, 1926? If the appellant is right in his contention as to the time of the completion of the work under the contract, then the service of the notice upon the appellee was unnecessary.

Without further discussion, suffice it to say that we find from the evidence that the appellant's contract was regarded as completed on February 8, 1926; and since his statement for a mechanic's lien was not filed for more than 60 days thereafter, and since, prior to the time of the filing of said statement and the service of notice upon the appellee, the latter paid the entire amount due to Schultz & Severin, the plaintiff cannot prevail, as against the owner. Our holding as to this proposition is determinative of the rights of the appellant, even had there been no error in the description of the real estate in his statement for mechanic's lien and in the notice which was served upon appellee and in the original petition on file, and we make no pronouncement as to the effect to be given appellant's belated amendment to his petition.

The above action of the trial court in dismissing plaintiff's petition upon its merits, as against the defendant Buser, was correct, and the same is hereby affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, and KINDIG, JJ., concur.