Argued January 9, affirmed February 23, 1973

FARRELL, *Respondent, v.* LACEY ET UX, *Appellants,* BASIC BUILDERS, INC. ET AL, *Respondents.*

507 P2d 31

*F. P. Stager,* Salem, argued the cause and filed briefs for appellants.

*Myron L. Enfield,* Salem, argued the cause and filed a brief for respondent Farrell.

*James O. Garrett,* Salem, argued the cause for respondents Basic Builders, Inc., and Hi-Lo Construction Co. With him on the brief were Crawford, Garrett & Seideman, Salem.

BRYSON, J.

Plaintiff, a plumbing contractor, brought this suit to foreclose a mechanic's lien on property situated in Marion County and owned by defendants Lacey. Defendant Basic Builders, Inc., was the building contractor. Defendant Frank Spoor, doing business as Hi-Lo Construction Co., was the subcontractor for excavation, and plaintiff was the subcontractor for plumbing.

Defendants Lacey filed an answer to plaintiff's complaint, admitting that they executed a construction contract with Allan Hahn, of Basic Builders, and generally denied the remaining allegations of plaintiff's complaint.

Defendant Spoor filed an answer to plaintiff's complaint and a separate answer and counterclaim seeking to foreclose his lien against the property for labor performed and materials furnished.

Defendant Basic Builders filed a general denial to plaintiff's complaint and a separate answer and

counterclaim alleging completion of its contract to build a residence for defendants Lacey and seeking to foreclose two liens against the property, each of which covered unpaid subcontractors' claims and 12 percent of the costs and materials, pursuant to its contract with defendants Lacey.

Defendants Lacey filed a reply to defendant Basic Builders' counterclaim against them and two separate answers by way of counterclaim against Basic Builders, contending they had paid Basic Builders an amount in excess of the contract price and demanding damages for breach of warranty by reason of negligent and unworkmanlike construction on the part of Basic Builders.

Defendants Lacey also filed a reply to defendant Spoor's counterclaim and defendant Basic Builders filed a reply to defendants Lacey's two counterclaims.

The case was tried to the court as a suit in equity, and no contention was made against the pleadings.

The trial court's decree ordered the liens of plaintiff Farrell and defendant Spoor foreclosed and awarded each party $500 attorney fees. The court's decree reduced the first lien claim of Basic Builders in the amounts of $943.46 and $464, representing the satisfied claims of Farrell and Spoor, respectively, and by the further sum of $439.69, representing a payment received from the Laceys. The court also reduced Basic Builders' first lien in the amount of $5,160, representing 12 percent of the construction costs, to $1,500. The lien was ordered foreclosed in the amount of $2,093.44, together with $500 attorney fees. On the second lien of Basic Builders the court eliminated the claim for 12 percent of the costs of construction and ordered foreclosure of the lien in the amount of $1,101.91 but made

no allowance for attorney fees. The counterclaims of the Laceys were dismissed with prejudice.

The Laceys appeal from the adverse decree and contend the court erred "in not finding the completion date of the residence to be November 17, 1970"; "in finding that the defendants' [sic] Laceys, were their own contractors"; and in "rewriting the contract between the defendants Basic Builders, Inc., and Laceys."

Basic Builders, Inc., cross-appeals, contending that the trial court erred in refusing to award attorney fees on the foreclosure of Basic Builders' second lien and in failing to award Basic Builders 12 percent of its total construction costs.

The record discloses the following facts. Defendants Lacey were the owners of a building site in Salem, Oregon, and decided to build a home thereon if they could obtain approved financing from the Oregon Department of Veterans' Affairs. They had building plans prepared by Central Planning and Design Services of Salem, Oregon, with no specifications of materials other than minimal provisions on the face of the plans. Laceys obtained two construction bids, $48,000 and $42,000. They then met Mr. Hahn, of defendant Basic Builders. Mr. Lacey testified that Hahn told him that the house could be built for $36,000, including a finished basement. Laceys were to do the outside painting and certain other work. Defendant Basic Builders could not meet the bonding requirements of the Oregon Department of Veterans' Affairs. To evade this requirement Laceys, at the suggestion of Hahn, wrote to the Department of Veterans' Affairs, stating that they would be their own contractor. Laceys paid the bills incurred by Basic Builders or Laceys and disbursed the funds from the loan on vouchers provided by the Department of Veterans' Affairs.

On May 18, 1970, the following agreement was executed.

"I, Allan Hahn, DBA Basic Builders, entered into and [sic] agreement to build and [sic] house according to State G. I. specifications, completion to be in 120 days from start of construction. Owner is to paint outside of the house. This agreement is to comply with cost of materials and labor plus 12% to be paid when finished according to State G. I. specifications.

Builder  /s/  Allan Hahn<br>
Owner  /s/  James W. Lacey"

This is the sole agreement other than written "ADDITIONS AND CHANGES TO BE MADE ON NEW HOME, LOCATED AT THE CORNER OF ALDERBROOK AND WINDING COURT S.E. SALEM, OREGON," which contained 49 additional items or changes not shown on the plans, including:

" 9.  All carpet throughout the house

"21.  Kitchen-Aid dishwasher Deluxe model—KDS-16

"22.  30″ drop in glass oven—self cleaning range—Med. Price

"29.  Built in buffet or china closet in dining room

"31.  Intercom system—Tranister [sic]—

"32.  Electric eye and control on garage door

"38.  Dressing table and mirror in Master bedroom

"49.  Grade slope of the lawn to comply with the structure of the house."

Laceys requested permission to move into the house and did so on Saturday, November 21, 1970, as they had sold the home they were living in and wanted to move "as soon as we could because of school." Five days later, on November 26, 1970, the basement flooded,

necessitating the installation of two sump pumps by plaintiff Farrell.

The Laceys contend that the lienors had substantially completed their work on November 17, 1970, "except for minor repair or rechecking work," and therefore the liens of plaintiff Farrell and defendants Spoor and Basic Builders filed in March 1971 were filed after the statutory period provided in ORS 87.035.①

1. The contractor cannot extend the statutory period of time for filing a lien by performing minor or trifling repairs after the project has been substantially completed. *Birkemeier v. Knobel*, 149 Or 292, 309, 40 P2d 694, 701 (1935). However, in the case at bar, the amount of work to be done on the house after the Laceys moved in is not minor repair work.

> "* * * [W]hen the builder, after a substantial completion of the structure, at the request of the owner, makes additions to it which are useful or necessary to its enjoyment, the final completion dates from the time such additions are made * * *." *Avery v. Butler,* 30 Or 287, 293, 47 P 706 (1897).

---

① ORS 87.035:

"Every original contractor, within 60 days after the completion of his contract, and every mechanic, artisan, machinist, builder, lumber merchant, laborer, or other person, except the original contractor, claiming the benefit of ORS 87.005 to 87.075, within 45 days after the completion of the construction, or after he has ceased to labor thereon from any cause, or after he has ceased to furnish materials therefor, shall file for recording with the recording officer of the county in which the improvement, or some part thereof, is situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, the name of the owner, or reputed owner, if known, the name of the person by whom he was employed or to whom he furnished the materials and a description of the property to be charged with the lien sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts."

512

*See also, Stark-Davis Co. v. Wilson et al,* 119 Or 308, 311, 248 P 1095 (1926), and *Shea v. Graves,* 142 Or 503, 511, 19 P2d 406 (1933) (where owners moved in before the plumbing was completed).

■ The sump pumps which were installed were necessary additions. Allan Hahn, of Basic Builders, Inc., testified that he discussed the advisability of a basement sump pump with the Laceys in June of 1970, just as construction was getting under way. The Laceys rejected the suggestion because of the noise the pump motor would make. An architect called as an expert witness by the Laceys testified that natural springs in the area should have been anticipated. He stated that this problem "could have been taken care of either by adequate sump pumps or by * * * totally waterproofing the basement." Sump pumps were installed by plaintiff Farrell at a cost of $224.04. Also, on January 15, 1971, Mrs. Lacey signed a work order or contract for additional work to be performed on the premises by defendant Hi-Lo Construction Co. at $15 per hour plus materials. In addition to the usual adjustment of doors and touching up around electrical installations, defendant Basic Builders had to install bifolding doors in the linen and guest closets, complete the sheet rocking in the garage, install a threshold on a garage door, and install the electronic device to open and close the garage doors before the project would be substantially completed. We conclude, as did the trial judge, that the house was not completed on November 17, 1970, and that the liens were timely filed.

■ It is next contended that the trial court erred in finding that the defendants Lacey were their own contractors. The court did make this comment, but it appears to be nothing more than an offhand comment

on the evidence. The final decree of the court, from which this appeal is taken, neither refers to nor makes such a finding. In *Bernard v. Hassan,* 60 Or 62, 65, 118 P 201 (1911), in a suit to foreclose a mechanic's lien, this court said, "An original contractor, within the meaning of the mechanic's lien law, is one who furnishes labor, or labor and materials, upon a contract direct with the owner. Boisot Mech. Liens, § 220." We approved this language in *Anderson et al v. Chambliss et ux,* 199 Or 400, 407, 262 P2d 298 (1953). Although there was some evasive action on the part of Mr. Hahn, of defendant Basic Builders, and the defendants Lacey at the time financing was secured from the Department of Veterans' Affairs, we conclude that Basic Builders was the original contractor in the construction of the residence for the Laceys.

As their final assignment of error the Laceys contend that "[t]he court erred by, in effect, rewriting the contract between the defendants Basic Builders, Inc., and Laceys."

The defendants Lacey argue that:

"* * * At the time of trial the Laceys had paid $42,605.00 for their house, and the court's decree ran the price of the house an additional $5,597.12 for a grand total of $48,202.12.

"Herein is the crux of the case. This is why we are before this court. And the undisputed evidence of the appraiser is that the house has a value of $38,550.00, which would be a figure consistent with the extra work done on the house and including finishing the basement. * * *"

No cases are cited in support of this proposition. It is difficult to determine what defendants Lacey are contending in this last assignment of error. We as-

sume they contend that Basic Builders agreed to construct their house for $36,000 and the house was not worth the money they have to pay for building it. An examination of the written contract, such as it is, demonstrates that it was a cost-plus contract. The market value after completion as compared with the cost of building is not a particularly relevant inquiry under a cost-plus contract. Neither was the agreement predicated upon the proposition that the house was to be built for a sum certain.

■ In any event, the original contract was modified by so many changes and additions of extras that there was no resemblance between the finished product and what the parties started out to build. *See Mathis v. Thunderbird Village, Inc.*, 236 Or 425, 438, 389 P2d 343, 349 (1964). Defendants Lacey retained the right to order and pay for many items, such as plumbing fixtures, dishwasher, furnace, rugs, and drapes. The plot plan, shown on the original house plans obtained by the Laceys, would not accommodate the house, and the entire structure had to be reversed in order to build the house on the Laceys' building site. Also, after the cement foundation was poured and the walls and the roof trusses were framed, the Laceys decided to move one wall out four feet to enlarge the interior square footage. Numerous other changes were made at the request of the Laceys.

Defendant Basic Builders assigns as error on its cross-appeal that "the court erred in failing to ward [sic] Basic Builders 12% of the total cost of labor expended and material ordered that Basic Builders has claimed in its liens." In other words, defendant Basic Builders claims the court did not allow the full 12 percent on the entire cost of the building.

■ Basic Builders, as the original contractor, was entitled to its full fee of 12 percent on the entire cost of construction only if it adequately performed its supervisory obligation under the contract. The evidence of the architect and of inspector Daugherty, called by defendants Lacey, shows that there were deviations from the building plans. Such deviations were, in fact, caused by Basic Builders' subcontractors. The court could have found they resulted from inadequate supervision by Basic Builders and, therefore, Basic Builders did not earn its entire fee of 12 percent of the total cost. We would agree with such a finding.

The final assignment of error is the contention of Basic Builders on its cross-appeal that "[t]he court erred in not giving Basic Builders an award for attorney fees." This pertains to the second lien filed by Basic Builders against the property owned by defendants Lacey. The court did allow Basic Builders an attorney fee of $500 on their first lien and also allowed each of the other two lienors, plaintiff Farrell and defendant Spoor, an attorney fee of $500.

■ Defendant Basic Builders relies upon ORS 87.060 (3), which provides:

"(3) In all suits under ORS 87.005 to 87.075 the court shall, upon entering judgment for the plaintiff, allow as a part of the costs * * * a reasonable amount as attorney's fees * * *."

We do not construe this to mean that a claimant can split his total claim into separate liens and thereby secure a separate attorney fee on each lien. The statute relied on provides "in all suits" and does not refer to each specific lien. We find no error in this respect.

The decree of the trial court is affirmed.