HARRISON FLINT *vs.* WILLIAM W. RAYMOND AND OTHERS.

The statute giving to mechanics liens upon buildings upon which they have done work requires that a certificate of the lien shall be left for record with the town clerk within sixty days after the completion of the work. Held that, after a contract for work is substantially performed, there must be no unnecessary or

unreasonable delay in fully completing the work to be done, and that any work done after such delay will not be considered in fixing the sixty days allowed for recording the lien.

A painter contracted to paint a house, the work to be done by the first day of April following. It was all done by that time, except the painting of a front piazza the second time, which was afterwards deferred for the convenience of the occupants and from other causes, and finally was not done till the following January. Held that this work could not be considered in fixing the sixty days allowed for recording the lien.

BILL for foreclosure of a mechanic's lien, brought to the Court of Common Pleas for Fairfield County. The following facts were found by the court:

The petitioner claimed a lien, originally in favor of A. Knox & Co., and held by him by an assignment from them, under the statute with regard to mechanics' liens on buildings, upon the property of the respondent Raymond, described in the petition. Andrew Knox, one of the firm of A. Knox & Co., about the first of January, 1869, made a contract with Raymond to paint a dwelling house upon the property with two coats of paint inside and out. The work was to be done, so far that the house could be rented, by the first of April, 1869. On the 2d of February, 1869, A. Knox & Co. did work to the amount of seventy-five cents, and nothing further was done until February 13th, 1869, when the work was regularly begun. They were to receive for the work, under this agreement, the sum of $105.

The work under this agreement was entirely completed by A. Knox & Co. before the first day of April, 1869, with the exception of painting and hanging the blinds, and painting with the second coat a small front piazza. This work on the blinds was extra labor, for which $19 was to be paid. The painting of the piazza required a man's time for three hours, and was worth ninety cents. On the 5th of April, 1869, Raymond called upon A. Knox & Co., with reference to the bill against him, and stated to them that he could not then pay them. They replied that they should like the money, but if he could not pay them, they could wait. They said nothing about the work not then being completed. Within the space of six or eight weeks after the first day of April,

1869, A. Knox & Co., on two different occasions, sent a workman to paint the piazza. Upon the first occasion tenants were moving into the house, and on the second were moving out. The tenants each time requested that he should not paint, and he accordingly went away without doing it. The respondents had no knowledge of such visits of the workman. After this nothing was done by A. Knox & Co., with reference to completing their work under the agreement, until the 4th day of January, 1870, when they sent a workman who painted the piazza with the second coat of paint, and thereupon on the 22d day of January, 1870, they caused their lien to be recorded at length in the land records of the town. The reason given by them for their delay in filing the lien was that they had been twice hindered from completing their work, and that they did ,not wish to embarrass Raymond, who was their special friend, and the court found that the final delay was in good faith, and made out of consideration for the condition of Raymond.

Raymond, unknown to A. Knox & Co., made an assignment in insolvency on January 3d, 1870.

Mr. Moran, the other member of the firm of A. Knox & Co., died in March, 1873. The firm of A. Knox & Co. was dissolved about a year prior to the death of Moran. Soon after this event, A. Knox purchased of the firm of A. Knox & Co. their claim against Raymond, and retained it until October, 1873, when he sold it to Flint, the petitioner.

On the 2d day of April, 1869, Raymond mortgaged the premises to the Union Savings Bank of Danbury, for the sum of $3,000, and on the 9th day of January, 1870, mortgaged the same premises to Horace Dibble of Bethel, for the sum of $100, and on the 11th day of May, 1870, for the sum of $300. The mortgagees were made respondents.

Upon the trial the respondents claimed that A. Knox & Co. were not entitled to a lien on the premises in question, because more than sixty days had elapsed after they had ceased to perform services and furnish materials before they had lodged their certificate of lien with the town clerk as required by law; and that the delay in filing the lien from

the 1st day of April, 1869, to the 4th day of January, 1870, was so great as to prevent a legal claim being made for a lien for services rendered prior to April 1st, 1869. But the court (*Brewster, J.*,) overruled the claim of the respondents and held that the petitioner was entitled to a lien for all the services rendered by A. Knox & Co. after February 13th, 1869, and passed a decree in his favor.

The respondents brought the record before this court by a motion in error, assigning as error this ruling of the court.

*Stoddard*, with whom was *Hall*, for the plaintiff in error, cited *Noel* v. *Temple*, 12 Iowa, 276 ; *Dunn* v. *McKee*, 5 Sneed, 657 ; *Livermore* v. *Wright*, 33 Misso., 31.

*Hough*, for the defendant in error, cited *Jones* v. *Swan*, 21 Iowa, 81 ; *Frost* v. *Ilsey*, 54 Maine, 350.

PARK, C. J. It appears in this case that the contract between A. Knox & Co. and the respondent Raymond, was fully performed before the first day of April, 1869, with the exception of a small amount of work remaining to be done and material to be furnished, of the value together of the sum of ninety cents. This small amount of work under the contract was not performed or the material furnished before the fourth day of January, 1870. On the 22d day of January, 1870, A. Knox & Co. filed their lien, covering all the labor performed by them and material furnished under the contract. The reason given by them for the great delay in completing the contract and filing their lien was, that they had on two occasions sent a workman to perform the labor (the painting of a small front piazza a second time), who found at one of the times that tenants were moving out of the house, and at the other that tenants were moving in, and on both occasions the tenants requested that the work should not be done at that time. They gave as a further excuse, their desire not to embarrass Raymond, who was their particular friend. The court on this subject found " that the

delay was in good faith, and was made out of consideration for the condition of Raymond."

Here then was a delay of nine months to perform three hours' work from friendly consideration of this man's circumstances. We think this was no excuse for the delay. The policy of our law is that all incumbrances upon real estate shall appear of record, as well as the titles to such property. The statute allows mechanics and material men sixty days in which to file their liens after their work is performed or materials furnished, and for obvious reasons it does not mean to allow a longer period. Suppose in the month of December, 1869, the property had been sold. The town records at that time disclosed no incumbrance upon it. The contract to all appearance had been completed eight months before. The purchaser would have had no reason to suppose that a lien was intended to be placed on the property, and probably he would have been defrauded, if the reason given in this case for the delay in completing the contract and filing the lien is to be regarded as legally sufficient. A. Knox & Co. delayed out of consideration for the condition of Raymond; such is the finding; that is, they purposely delayed to complete the contract in order to keep alive their right to any incumbrance upon the property should Raymond fail to pay them, after giving him such time for the purpose as they were led by a friendly regard to do.

We think the statute requires that after a contract is substantially completed there shall be no unnecessary or unreasonable delay under all the circumstances in fully completing the work to be done, and that the lien must be filed within sixty days after such completion, if a party wishes to avail himself of the benefit of the statute. We think further, that in determining whether there has been such delay, no consideration of friendship or personal favor, as in this case, should be regarded.

There is manifest error in the judgment complained of, and it is therefore reversed and the cause remanded.

In this opinion the other judges concurred.