HENRY COOLEY *vs.* JOEL C. HOLCOMB ET AL.

First Judicial District, Hartford, May Term, 1896. ANDREWS, C. J., TOR-
RANCE, FENN, BALDWIN and HAMERSLEY, Js.

> After the substantial completion of his contract a builder cannot, by
> unreasonable delay in the performance of trifling matters which could
> and should have been done at an earlier stage of the work, postpone
> the date from which the sixty days, allowed by statute for filing his
> certificate of lien, begin to run.
> On the 23d of November, 1893, the plaintiff contracted to make certain
> additions and repairs upon a house to be occupied by *H*, and substan-
> tially completed the work on January 25th, 1894. On February 4th,
> 1894, *H* died insolvent, and about sixty days later his family moved
> into, and have ever since occupied the house. On April 13th, 1894,
> the plaintiff, for the purpose of preserving his lien, fitted new stops and
> fastenings to two windows and planed off certain tight places, at an
> expense of $4. This work could have been done at any time before
> the house was occupied, except the planing, which could have been
> done by March 1st, 1894. On June 6th, 1894, the plaintiff filed his
> certificate of lien. *Held*, on a suit to foreclose the lien, that the trial
> court, upon the foregoing facts, committed no error in ruling that the
> plaintiff's delay in completing his work and filing his certificate was
> inexcusable and unnecessary, and that the lien was invalid.

[Argued May 7th—decided June 5th, 1896.]

ACTION to foreclose a mechanic's lien, brought to the Court
of Common Pleas in Hartford County and tried to the court,
*Calhoun, J.;* facts found and judgment rendered for the de-
fendants, and appeal by the plaintiff for alleged errors in the
rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*William S. Case*, for the appellant (plaintiff).

*Theodore M. Maltbie*, for the appellees (defendants).

FENN, J. The plaintiff claimed a foreclosure of a mechan-
ic's lien. The Court of Common Pleas in Hartford county

denied such relief, and rendered judgment for the defendants, on the ground that upon the facts found, the certificate of lien of the plaintiff was not filed within sixty days after the completion of his contract, and that his delay in completing his work and filing said lien was inexcusable and unnecessary. The correctness of this action is the sole question presented to us by the appeal.

The facts material to this question are these : The plaintiff, a carpenter and builder, on November 23d, 1893, contracted with one Joel B. Holcomb—since deceased—to make additions and repairs to a house thereafter to be occupied by said Holcomb. On the 2d day of December, 1893, the plaintiff commenced work upon said house under said contract, and continued the same until about January 25th, 1894, when he substantially completed the additions and repairs under said contract. On February 4th, 1894, said Holcomb died, and March 1st, 1894, an administrator was duly appointed and qualified on his estate, and thereupon represented said estate insolvent; and said estate is, in fact, insolvent and insufficient for the payment of the debts of said deceased. On February 16th, 1894, said house being fit for occupancy, the family of said deceased moved into it, and have ever since occupied the same. The plaintiff, under an agreement with said Holcomb, made a portable china-closet to take the place of one which he was to build in said house; and after said Holcomb's death, in the month of March, 1894, said closet was removed to said house by the plaintiff. April 13th, 1894, the plaintiff caused work to be done in said house in fitting new stops to two windows, putting window fastenings on, and planing tight places to ease the running of the windows. The expense was about $4. All of this work could have been done at any time before the house was occupied, except the planing, which could have been done by March 1st, 1894, and which was not necessary for the completion of the plaintiff's contract after said last date.

The court found that the reason of the delay of the plaintiff in completing his contract, was that on finding the estate

of Joel B. Holcomb insolvent, he was honestly in doubt what course to pursue to obtain his pay; that during the time from March 1st, 1894, until April 13th, 1894, he was unwilling to do more work on the house without a prospect of compensation, and that he finally did the work on April 13th, 1894, for the purpose of preserving his lien.

There is now due the plaintiff on account of said contract, the sum of $319.90. On the 6th day of June, 1894, the plaintiff lodged with the town clerk of East Granby a certificate of lien, in the usual form, for the labor done and materials furnished under said contract.

The decision of the court as stated, based upon the above facts, was we think correct, and in full accordance with the principles underlying previous decisions of this court. *Flint* v. *Raymond*, 41 Conn. 510–514; *Sanford* v. *Frost*, 41 id. 617; *Cole* v. *Uhl*, 46 id. 296; *Nichols* v. *Culver*, 51 id. 177–183. Concerning these cases, in view of the arguments made before us, we will briefly speak. In *Cole* v. *Uhl* it was said by this court in the opinion, that in *Flint* v. *Raymond* the doctrine was affirmed that " after the work is substantially done, there must be no unreasonable delay in fully completing it, and that work done after such delay cannot be considered in fixing the sixty days allowed for recording the lien." It was also said: " The case of *Sanford* v. *Frost* adopts the same principle, and further requires that the fact must appear affirmatively that there was no unnecessary or unreasonable delay." It was said that the case then under consideration was distinguishable from both of the cases above mentioned, " not only that the amount of work done after the time for fulfilling the contract was greater, while the delay was comparatively short, but more especially in the fact that the reason for the delay must be regarded as sufficient against the original party to the contract, at whose special instance and request the work was so postponed."

Again in *Nichols* v. *Culver*, which was held to be within the principles established in *Cole* v. *Uhl*, the court said that the finding that the work was " substantially completed," at a certain date, " would be controlling were it not for the

additional facts also found." Of one of the additional facts, namely, the furnishing of a small amount of work and materials, at a subsequent date, relied upon to save the lien, it was said: "If it appeared that this work might have been added by the builder for the mere purpose of saving his lien, we should not feel disposed to sanction it."

These references bring us to the real point of the present case. The court below has found that the work under the contract was "substantially completed" on or about January 25th, 1894, in the lifetime of Holcomb. It has found that the minor item of April 13th, 1894, amounting to $4, being all that was furnished within sixty days prior to the lodging of the certificate of lien, could have been done at an earlier date named; that it was delayed for a reason which differed from that which it was held in *Flint* v. *Raymond* should not be regarded, only in this, that there the consideration of "personal favor" was of such favor to the party with whom the plaintiff contracted, while here it was extended by the plaintiff to himself. He was in doubt what course to pursue to obtain his pay, and "unwilling to do more work on the house without a prospect of compensation." He is not to be condemned for this. But the court adds: "He finally did the work for the purpose of preserving his lien." Surely it cannot be said to "appear affirmatively that there was no unnecessary or unreasonable delay;" that the additional facts found prevent the finding as to when the work was substantially completed, from being controlling; and that the court erred, as a matter of law, in its conclusion that the plaintiff's delay "in completing his work and filing said lien was inexcusable and unnecessary."

There is no error in the judgment complained of.

In this opinion the other judges concurred.