[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mechanic's lien on property owned by the defendants Peter Habetz Jr. and Joyce Mihalko. The plaintiff Coastal Plumbing-Heating, Inc. (Coastal) was hired by the defendant Ken Condon, d/b/a Ken Condon Contracting (Condon) in April 1989 as a subcontractor for plumbing and heating work and improvements required to complete an addition on a house at 634 Arrowhead Drive in Orange, which was the property owned by the defendants Habetz and Mihalko. There was a written contract between Coastal and Condon dated April 27, 1989 for $8,551. covering the work to be performed by Coastal on the subject property. The contract price was $8,551, with $4,174 to be paid when the rough plumbing was installed, $3,517 when the heating was installed and the balance of $860 after the plumbing fixtures were delivered and installed. Only the first payment was made, and Coastal was owed $4,377 under the original contract. Coastal also performed additional plumbing work on June 9, 1989 which was billed at $42.20. While the construction of the addition was in progress, Condon requested Coastal to perform additional heating and plumbing work which was needed to complete the addition, and which was finished on August 7, 1989 and billed at $860.32. On August 30, 1989 Coastal returned to the job site to repair some bent heating lines at a cost of $74.66. All of this work was requested by Condon, and all of the charges for labor and materials are fair and reasonable for the services rendered by Coastal. Habetz requested Coastal to fix the boiler in August. Coastal replaced the extrol tank and relief valve on the boiler on August 30, 1989, and billed Habetz directly for that amount. The total amount of unpaid charges for services requested by Condon is $5,354.18. The total amount owed to Coastal, which includes the work requested directly by Habetz is $5552.65, and Coastal claims a mechanic's lien in that amount. CT Page 7117
The right to file a mechanic's lien is controlled by statute, and although a statutory lien is in derogation of the common law, its remedial purpose is to furnish security for a contractor's labor and materials, so the statutes are liberally construed. Seaman v. Climate Control Corporation, 181 Conn. 592, 597. "Those who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land they have improved if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." Hall v. Peacock Fixture 
Electric Co., 193 Conn. 290, 293; Newtown Associates v. Northeast Structures, Inc., 15 Conn. App. 633, 637; 49-33 (a) C.G.S. Condon had a contract with Habetz to build the addition, and while the job was in progress they agreed to additional work to be performed by Condon. The heating and plumbing services of Coastal were furnished with the consent of Condon as general contractor and under the contractual authorization by Habetz to construct the addition. The contract between Condon and Habetz was for $103,000 not including extras. Habetz paid $93,000 on the contract but has not paid for the extras, and has made a claim against Condon for defective labor and materials, although the plumbing and heating work performed by Coastal is not part of that claim. Since Habetz has not paid Condon the agreed contract price of $103,000, or for the extras, Coastal's claim cannot be defeated on that basis. See 49-33 (f) C.G.S.
The mechanic's lien was recorded in the Town Clerk's Office on November 22, 1989, and Notice of Intent to claim a lien and the mechanic's lien was served on the defendants Habetz and Mihalko as the property owners on November 27, 1989. Those defendants claim that the lien was not filed within 90 days after Coastal finished the work on the subject property as required by 49-34 of the General Statutes. The form and content of the lien and the other procedures required by 49-34 have not been questioned by the defendants and are not involved in this appeal. The Court disregards a claim based on paragraph 5 of the complaint, that the last work performed by Coastal on the property was April 30, 1989. That paragraph has not been admitted by the defendants and is clearly a typographical error, as both paragraph 4 of the complaint and testimony at the trial by Coastal and Habetz show that the last date Coastal furnished materials and services was on August 30, 1989 when it repaired the broken heating line for Condon and made the boiler repairs requested by Habetz. Condon does not contest the lien. Habetz and Mihalko make two related claims: (1) the work was completed and billed on August 2, 1989, so that the lien is invalid because it was not served on the defendants November 27, 1989, which was more than 90 days after Coastal completed work on the subject property; (2) the additional work performed on August 30, 1989 was independent work done for Habetz and was insubstantial and CT Page 7118 cannot be considered in deciding whether the lien was filed within the 90 day time limit in 49-34 of the General Statutes.
The work performed by Coastal under the original contract concluded on August 2, 1989, and most of the additional services requested by Condon and billed as extras were completed by August 7, 1989. If Coastal's claim were based solely on those services the lien would be invalid since it was filed more than 90 days after August 7, 1989. Booth v. Von Beren, 82 Conn. 298, 306; Flint v. Raymond, 41 Conn. 510, 514. However, on August 30, 1989 Coastal was called back to the property by the same general contractor, Condon, to repair broken heating lines. On the same day, at the request of Habetz, Coastal made the minor repairs on the boiler. The lien was filed within 90 days from August 30, 1989, and is valid if the additional work on August 30, 1989 extended the time limit for filing it.
The general rule on this subject is stated in Martin Tire 
Rubber Co. v. Kelly Tire Rubber Co., 99 Conn. 396, 399-401, which summarizes earlier Connecticut cases on the subject. The period for filing the lien is ordinarily computed from the date of the last item of material furnished or services rendered. If, after the work is substantially done, the claimant for the material furnished or services rendered unreasonably delays the completion of the work, the date of beginning of the time limit is the date when the work is substantially done. "No trivial or inconsequential service or work done after the substantial completion of the building will extend the time for claiming the lien, or revive an expired lien when an unreasonable period has elapsed since the substantial completion. If the article furnished or the service rendered be trivial, but be required by the contract of building, this fact will be taken into consideration in determining whether the elapsed period be unreasonable or not. And `where a service is performed or material furnished at the request of the owner, it will extend the time for claiming a lien or will revive an expired lien, as to a contract . . . substantially performed.' 35 L.R.A. (N.S.) 904 note. Thus in Nichols v. Culver, 51 Conn. 177, it is held that trivial work done or material furnished will be sufficient to extend the time for filing the lien if done at the request of the owner, and not for the mere purpose for saving his lien." Martin Tire Rubber Co. v. Kelly Tire Rubber Co., supra, 400; Swaye v. Sylvan Construction Co., 7 Conn. Sup. 456, 461. The additional work performed here by the plaintiff occurred at the request of the general contractor and the owner and was performed less than one month after completion of the other work, and well within the 90 day time limit for filing the lien. This is not a situation of inexcusable delay in completing minor items such as in Cooley v. Holcomb, 68 Conn. 35, 37, 38; Flint v. Raymond, 41 Conn. 510 (nine months delay in completing three hours of work); and Sanford v. Frost, 41 Conn. 617 (six months delay in completing work of minor CT Page 7119 value). Nor is it an attempt to tack together two separate transactions of furnishing material to two different contractors to revive a lost right to file or to extend the time for filing a lien for the materials furnished as in such cases as Booth v. Von Beren, supra, 307. A significant factor in computing the time limit is whether the delay was caused by the party claiming the lien or by the general contractor or property owner. Peck v. Brush, 90 Conn. 651,656, 657. See also Backros, Inc. v. Davies, 2 Conn. Cir. Ct. 365, 368 (delay reasonable when due to factors not within control of claimant). The repair required to the broken heating line was not caused by defective work performed by Coastal, and there is no evidence whatever that Coastal delayed completion of the work assigned to it for any reason. The purpose of the rule preventing trivial additional work or the initiation of independent work by the contractor to extend the period of the lien is obvious; by these gimmicks a contractor can indefinitely extend the time limit for filing the lien, or attempt to revive rights that have been lost. However, "the rule is one to be applied fairly to both the lienor and the owner." Martin Tire Rubber Co. v. Kelly Tire 
Rubber Co., supra, 399. It is not intended to bar claims where the additional work is made within the lien period and is requested by the general contractor or the owner rather than initiated by the claimant-sub contractor. The additional work requested here by both Condon and Habetz and completed on August 30, 1989 was performed in good faith by Coastal, performed promptly and is sufficiently related to the work under the contract for the addition to the house to allow Coastal 90 days from that date to file its lien. Even though the value of these two items is small, $74.66 and $198.47, the work was performed at the request of the general contractor and the owner and was not done by Coastal for the mere purpose of saving its lien. Accordingly, the lien is valid. Nichols v. Culver, supra; Martin Tire Rubber Co. v. Kelly Tire Rubber Co., supra, 400.
The debt is found to be $5,552.65. Since the money due was wrongfully withheld since August 30, 1989 the plaintiff is entitled to interest. Bertozzi v. McCarthy, 164 Conn. 463, 466,467. The proper rate is the legal rate of interest of 10% per year in 37-3a C.G.S. Interest of $1107.45 is awarded. The plaintiff is also entitled to a reasonable attorney's fee. Section 52-249 C.G.S. The sum of $1500 is allowed. The plaintiff shall recover $8,160.10 plus its costs.
The parties have stipulated that prior encumberances on the property amount to $265,000. and that the value of the property is $350,000. Since there is substantial equity a foreclosure by sale is ordered, and the date for the sale is set at December 14, 1991. Since the amount of the lien is small and it will probably be paid off by the defendants, additional orders to implement the foreclosure by sale are deferred to November 18, 1991. Unless the CT Page 7120 debt is paid before then, the parties are directed to return to court on that date for the appointment of a committee and appraisers and to set the terms of the sale.
ROBERT A. FULLER, JUDGE