[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
This action involves a dispute between a contractor which furnished services in the erection of a house and the owners as to what amount, if any, remains due and owing to the plaintiff. By an amended complaint, the plaintiff in the first count claims the foreclosure of a mechanic's lien for the price stated in the contract plus alleged extras; in the second count the claim is based upon the contract price plus the alleged extras; and in the third count, the claim is based upon quantum meruit. The defendants have interposed three special defenses; that the lien was not timely filed pursuant to Connecticut General Statutes Section 49-34; that the agreed upon work was never completed; and that the work that was done was performed in an unworkmanlike and unreasonable manner. For the most part, negotiations for the defendants were carried on by the named defendant's father acting as her agent.
The mechanics lien was served and recorded on December 20, 1990. The plaintiff claims that the last day of work on the job was September 21, 1990 whereas the defendants' claim is that the plaintiff was terminated on September 15, 1990. I find as a fact that there was a meeting on September 15 where a partner of the plaintiff and the father of the named defendant discussed their differences and when they were unable to resolve those differences, the plaintiff was terminated. On September 21 the partners went to the job site to pick up their tools, and while there, they did install two collar ties, lateral horizontal beams, connecting roof supporting beams in the garage. These have the effect of stabilizing the roof supports. No explanation was given as to why this work had not been done when the garage was framed. In any event, the amount of work involved was trivial requiring only a minimal expenditure of time and effort. I find that under the doctrine set forth in Flint v. Raymond et al, 41 Conn. 510, the nature of this work was not such as to extend the time from the termination date of September 15 and therefor the lien is invalid.
The significant problem before me is as to what the agreement between the parties encompasses. The operative words in the written contract are: "Provide Labor for Shell Erection for one 3028 sq. ft. colonial house with 624 sq. ft. attached garage." Nowhere in the contract is the term "shell erection" defined and I find no help from Webster's Unabridged or Black's Law Dictionary. CT Page 1708 There are no specifications attached to the contract. A partner of the plaintiff, who is experienced in the construction trade, is adamant that it is limited to the framing of the beams that will support the walls and floors and the installation of the underlayer of the roof with shingling excluded, but even he admitted that some builders give it a broader meaning. The father of the named plaintiff, who has acted as his own general contractor in the building of nine houses, is equally adamant that the term means that sufficient work is to be done to make the house "closed to the weather", which would encompass siding and window and exterior door installation. Neither side called an outside expert to assist me as to the meaning of the term. The contract was prepared by a partner in the plaintiff, so any ambiguity must be resolved against the plaintiff. Therefore, I conclude that "Shell Erection" does include installation of siding and exterior doors.
As the plaintiff refused to install the siding and the exterior doors, the defendants retained the services of another builder to do this and they paid him $4,615 for his labor. The contract with the plaintiff set the price at $18,260. All are in agreement that shortly before termination the defendants had made payments to the plaintiff that totalled $14,000, so the overall cost to the defendants exceeded the contract price by $355.
Despite the fact that the plaintiff insists that installation of windows is not encompassed by the term used, nevertheless it was agreed that this would be done as part of the contract and in fact all but two windows were installed. This was not the fault of the plaintiff because they were special order windows which were not available prior to termination. The reasonable cost of installation is $45. Also, the plaintiff had deliberately failed to complete the framing of the bathroom, and this was not done because a fixture to be installed was of a size such that it would not fit through the opening for the door, and that fixture was not available prior to termination. Reasonable cost of completing that framing is $75. Those two items were completed by the successor contractor and the cost thereof was included in the $4,615 paid to him.
I find that shingling the roof is not included in the term "Shell Erection". At the request of the defendants, the plaintiff obtained the services of a roofer who did that work and the plaintiff paid him $1,400 for which the plaintiff has not been reimbursed. The contract called for labor only and most of the material for this house was ordered and paid for by the defendants. However, the plaintiff did use on the job nails supplied by it costing $599.35 and did obtain and pay for material for the soffit at a cost of $400. Finally, the defendants did require a change from the plans upon which the contract was based CT Page 1709 with respect to framing for a chimney which increased the cost to the plaintiff by $75.
With respect to the allegation that the work was not performed in a workmanlike manner, the plaintiff did not install metal caps beneath certain of the beams as required by code and the framing of at least some of the windows also violated the code. These matters were corrected by the successor contractor and the cost of correction was included in his bill.
The contract does provide that any deviations or alterations will be executed only on written order, and there were no written orders. Nevertheless, the defendants did receive a benefit from the changes and as the third count is in quantum meruit, they should pay for them. The extras add up to $2,474.35 and from that figure should be subtracted the cost overrun of $355 leaving a net balance due the plaintiff of $2,119.35.
Judgment for the plaintiff may enter on the third count for $2,119.35, costs to be taxed.
J. HEALEY, STATE TRIAL REFEREE